[Crim. No. 14031. In Bank, Apr. 1, 1970.]

In re SILVIO J. MARCARIO on Habeas Corpus.

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick and Harold E. Shabo, Deputy Public Defenders, for Petitioner.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondents.

## OPINION

BURKE, J.—This case and two other cases presently before this court,[1] raise questions regarding discovery by the prosecution in a criminal case. Petitioner herein, a deputy public defender, seeks habeas corpus to annul an oral order of contempt made after he refused, as attorney for a defendant in a pending murder case, to obey the trial court's order compelling him to disclose to the district attorney the names, addresses and expected testimony of the witnesses defendant intends to call at trial.

Our opinion in *Prudhomme* v. *Superior Court, supra, ante,* page 320, granted to petitioner's client, Jearldine Prudhomme, a writ of prohibition to restrain further enforcement of the discovery order involved herein, on the ground that the order was beyond the court's jurisdiction, and therefore void, in that it did not clearly appear from the order or from the record below that disclosure of the information demanded therein could not possibly incriminate her.

Here, petitioner, as defendant's attorney, had standing to assert the privilege against self-incrimination on defendant's behalf. (See *United States* v. *Judson* (9th Cir. 1963) 322 F.2d 460, 463-468; Moore, *Criminal Discovery* (1968) 19 Hastings L.J. 865, 910-917.) Since we have held that the discovery order in question was violative of defendant's constitutional rights and beyond the jurisdiction of the trial court, petitioner should not be punished for disobeying it. (See *In re Berry,* 68 Cal.2d 137, 147-148 [65 Cal.Rptr. 273, 436 P.2d 273].)

According to our records, the trial court has not yet entered a formal, written order adjudging petitioner to be in contempt. (See Code Civ. Proc., § 1211.) Consequently, petitioner's application for habeas corpus is premature and must be denied. Presumably our opinion in *Prudhomme* v. *Superior Court, ante,* has rendered moot further proceedings against petitioner.

---

[1]*Prudhomme* v. *Superior Court, ante,* page 320 [85 Cal.Rptr. 129, 466 P.2d 673], and *Bradshaw* v. *Superior Court, post,* page 332 [85 Cal.Rptr. 136, 466 P.2d 680].

The order to show cause is discharged and the writ of habeas corpus is denied.

Mosk, Acting C. J., McComb, J., Tobriner, J., and Peek, J.,* concurred.

**PETERS, J.**—I agree with the conclusion reached in this case and its two companion cases (*Prudhomme* v. *Superior Court, ante,* p. 320 [85 Cal. Rptr. 129, 466 P.2d 673]; *Bradshaw* v. *Superior Court, post,* p. 332 [85 Cal.Rptr. 136, 466 P.2d 680]) that to compel the discovery here sought would be to violate the defendant's constitutional right. But I disagree with those portions of the majority opinions in these companion cases insofar as they give even implied approval to the rules announced in *Jones* v. *Superior Court,* 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], and *People* v. *Pike,* 71 Cal.2d 595 [78 Cal.Rptr. 672, 455 P.2d 776]. For the reasons set forth in my dissents in those cases, and because of the recent developments occurring since *Jones* was decided, mentioned in the *Prudhomme* opinion, *Jones* and *Pike* should be forthrightly disapproved and not given a further uncertain and confused life. Discovery is not a "two-way street" because of the constitutional rights of defendants not accorded the prosecution, and we should frankly and directly so hold.

**SULLIVAN, J.**—I concur in the judgment. I agree with the conclusion reached in *Prudhomme* to the extent stated in my concurring and dissenting opinion in that case and that such decision has rendered moot further proceedings against this petitioner.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Acting Chairman of the Judicial Council.