[L.A. No. 29718. In Bank. Apr. 1, 1970.]

EDWARD HENRY BRADSHAW, JR., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Harelson, Enright, Levitt & Knutson, William B. Enright, Thomas &
Johns, Kenneth A. Johns, Marinos, Augustine & Delafield and Robert E.
Madruga for Petitioners.

No appearance for Respondent.

James Don Keller, District Attorney, and Richard H. Bein, Deputy District
Attorney, for Real Party in Interest.

## Opinion

**BURKE, J.**—This case, and two companion cases,[1] raise questions regarding discovery by the prosecution in a criminal case. Petitioners herein, who are defendants in a pending murder case, seek to enjoin that portion of a discovery order which requires them "within twenty-four (24) hours of expected use . . . to furnish a statement of the expected testimony of each witness the defendants, and each of them, intend to call excluding, however, the defendants themselves. Such statement shall be descriptive in nature, describing the type of testimony expected from the witness or witnesses."[2]

In *Prudhomme v. Superior Court, supra, ante,* page 320, we granted prohibition to annul a similar discovery order on the ground that the order was beyond the trial court's jurisdiction, and therefore void, in that it did not clearly appear from the order or from the record below that disclosure of the information demanded therein could not possibly incriminate defendant. *Prudhomme* is fully dispositive of the instant case.[3]

Let a peremptory writ of prohibition issue restraining respondent court from enforcing its discovery order herein.

Mosk, Acting C. J., McComb, J., Tobriner, J., and Peek, J.,[*] concurred.

**PETERS, J.**—I agree with the conclusion reached in this case and its two companion cases (*Prudhomme v. Superior Court, ante,* p. 320 [85 Cal. Rptr. 129, 466 P.2d 673]; *In re Marcario, ante,* p. 329 [85 Cal.Rptr. 135, 466 P.2d 679]) that to compel the discovery here sought would be to violate the defendants' constitutional rights. But I disagree with those portions of the majority opinions in these companion cases insofar as they give even implied approval to the rules announced in *Jones v. Superior Court,* 58

---

[1]*Prudhomme v. Superior Court, ante,* page 320, [85 Cal.Rptr. 129, 466 P.2d 673], and *In re Marcario, ante,* page 329 [85 Cal.Rptr. 135, 466 P.2d 679].

[2]Petitioners did not object to that portion of the order which requires them to disclose the names and addresses of proposed witnesses (other than petitioners) and copies of all physical evidence to be introduced at trial. However, to the extent that disclosure of such information could incriminate them, petitioners should be permitted to raise an objection thereto, unless they have already waived the privilege by furnishing the information requested.

[3]The fact that the order herein requires disclosure within 24 hours of petitioners' use of the evidence at trial does not necessarily avoid the problems discussed in *Prudhomme.* If the evidence might possibly incriminate petitioners, they cannot be compelled to disclose it at any time prior to its actual use at trial. As to such incriminatory evidence, petitioners must be permitted to wait until the last moment before deciding whether or not to introduce it at trial.

[*]Retired Associate Justice of the Supreme Court sitting under assignment by the Acting Chairman of the Judicial Council.

Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], and *People v. Pike,* 71 Cal.2d 595 [78 Cal.Rptr. 672, 455 P.2d 776]. For the reasons set forth in my dissents in those cases, and because of the recent developments occurring since *Jones* was decided, mentioned in the *Prudhomme* opinion, *Jones* and *Pike* should be forthrightly disapproved and not given a further uncertain and confused life. Discovery is not a "two-way street" because of the constitutional rights of defendants not accorded the prosecution, and we should frankly and directly so hold.

**SULLIVAN, J.**—I concur in the judgment. I agree with the conclusion reached by the majority that the discovery order here under review was violative of petitioner's constitutional rights and was therefore void and unenforceable. However, I do not agree with the rationale of, nor except as stated above do I join in, the majority opinion.