[Crim. No. 17251. Second Dist., Div. One. May 13, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY HALL, Defendant and Appellant.

## Counsel

Richard S. Buckley, Public Defender, Herbert Barish, James L. McCormick, John D. McGuire and Harold E. Shabo, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Melvin R. Segal, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**THOMPSON, J.**—Appellant appeals from a conviction of violation of Health and Safety Code section 11501, the unlawful sale of heroin. On March 30, 1970, we filed our original opinion affirming the judgment of conviction. On April 1, 1970, our Supreme Court filed its decisions in *Prudhomme* v. *Superior Court,* 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673]; *Bradshaw* v. *Superior Court,* 2 Cal.3d 332 [85 Cal.Rptr. 136, 466 P.2d 680]; and *In re Marcario,* 2 Cal.3d 329 [85 Cal.Rptr. 135, 466 P.2d 679].) Those three companion cases deal with the major issue involved in the case at bench. We therefore granted rehearing on April 27, 1970, to permit the case at bench to be reconsidered in the light of *Prudhomme, Bradshaw,* and *Marcario.*

### Facts

Viewed in the light most favorable to the judgment, the record discloses the following. On February 19, 1969, appellant sold .3 gram of heroin to W. D. McIntosh, an undercover officer of the Los Angeles Police Department. On that date, Officer McIntosh was directed by Royal Wilson, a narcotics addict and police informant, to appellant's house located at 1711 East 102d Street in Los Angeles. At 10:10 a.m., Officer McIntosh and Wilson entered the house and inquired as to the possibility of purchasing heroin. In response to Wilson's request for a "dime bag" of heroin, appellant handed him a balloon containing .3 gram of heroin which he passed on to Officer McIntosh. Wilson gave appellant a ten-dollar bill he had received

from McIntosh. Two or three women and another man were present in the house at the time of the transaction.

Appellant was arrested at the same house about one month after the transaction. Appellant's defense is alibi. He testified that he was not at 1711 East 102d Street at the time of the sale but was engaged in bookmaking activities at 109th and Wilmington. His testimony on cross-examination on race track conditions at the time of the crime, conditions very significant to a bookmaker, was proved false.

## Issues on Appeal

Appellant contends the following: (1) it was improper for the prosecution to impeach appellant's testimony through introduction of a prior felony conviction; (2) an order compelling appellant to disclose alibi witnesses he intended to call violated his rights to effective counsel and his privilege against self-incrimination; (3) it was improper for the trial court to refuse to allow appellant to call alibi witnesses after his refusal to disclose them; and (4) the prosecution made improper comments in its final argument.

## Prior Felony Conviction

At trial, appellant moved to exclude evidence that he had previously been convicted of a felony and that the nature of the felony was possession of heroin. The motion was not grounded upon any claimed infirmity in the conviction but was based upon appellant's contention that the disclosure of the conviction and its nature by way of impeachment would be inherently improper. The trial court denied the motion. The evidence of the prior conviction was used to impeach appellant's testimony.

Appellant now argues that the use of the impeaching evidence at trial was prejudicial error. California statutory and decisional law impels us to reject that argument. The Evidence Code specifically allows the introduction of a prior felony conviction for impeachment purposes. (Evid. Code, § 788; *People* v. *Smith,* 63 Cal.2d 779 [48 Cal.Rptr. 382, 409 P.2d 222].) The nature of the conviction may be ascertained regardless of the similarity of the prior offense with that charged. (*People* v. *Smith, supra; People* v. *Miller,* 196 Cal.App.2d 171 [16 Cal.Rptr. 408].)

## Disclosure of Alibi Witnesses

Over appellant's objection, the trial court granted respondent's motion to compel the disclosure of the identity of any persons appellant then intended to call as alibi witnesses. Appellant was warned that if he did not comply with the order, the trial court would sustain an objection to

the introduction of the testimony of such witnesses.[1] Appellant did not comply with the order. At trial, he offered to prove that two alibi witnesses, if called, would testify that while they were not aware of appellant's exact location on the day of the charged sale of heroin, they knew that normally appellant spent the morning hours in front of a house on 109th and Wilmington. The trial court sustained an objection to the testimony of the two witnesses by reason of appellants' failure to comply with its discovery order.

Appellant contends that the discovery order of the trial court and the barring of evidence pursuant to that order constitutes prejudicial error. He argues that the order violates his privilege against self-incrimination and the attorney-client privilege, and deprives him of effective representation by counsel.

Contentions identical with those raised here by the appellant have been considered recently by our Supreme Court in the context of criminal discovery ordered by a trial court. The court in *Prudhomme* v. *Superior Court,* 2 Cal.3d 320, 326 [85 Cal.Rptr. 129, 466 P.2d 673], stated: "[T]he principal element in determining whether a particular demand for discovery [by the prosecution] should be allowed is . . . whether disclosure . . . conceivably might lighten the prosecution's burden of proving its case in chief. Although the prosecution should not be completely barred from pretrial discovery, defendant must be given the same right as an ordinary witness to show that disclosure of particular information could incriminate him."

Application of the rule of *Prudhomme* to the facts of the case at bench establishes that the discovery order of the trial court was proper. The trial court's order required that appellant produce the identity of witnesses whom he intended to call to testify to his alibi on penalty of being barred from calling those witnesses at trial if he did not comply with the order. Appellant's offer of proof establishes that the witnesses, if called, would testify that normally appellant spent his morning hours at a place different from that where the crime occurred. We can conceive of no way in which the disclosure of that information prior to trial could have lightened the prosecution's burden of proving its case in chief. Neither can we conceive of any way in which that information might have tended to incriminate appellant.

The case at bench is distinguished factually from *Prudhomme* and the related cases, *Bradshaw* v. *Superior Court, supra,* 2 Cal.3d 332, and *In re . arcai ,, supra,* 2 Cal.3d 329. In the matters before the Supreme

---

[1] Due notice of the court's intention is conceded by appellant.

Court, the discovery orders were broad. They required disclosure of the identity of all defense witnesses and the substance of their expected testimony. The order in the case at bench requires the disclosure only of those witnesses appellant intended to call to establish his alibi. As to those limited witnesses, it did not require disclosure of their intended testimony. The case at bench also requires disclosure subject to a limited and particularly appropriate sanction—the barring of testimony from witnesses whose identities are not disclosed. *Bradshaw* and *Marcario* involve orders requiring disclosure on penalty of contempt. *Prudhomme* does not discuss the threatened sanction but arises out of the same order which is the basis of the contempt citation in *Marcario*. (See also *Cantillon* v. *Superior Court,* 305 F.Supp. 304.)

We conclude, therefore, that the discovery order here in issue is valid when tested by the rule of *Prudhomme* and its companion cases.

### Prosecutor's Argument

Appellant contends that the prosecuting attorney was guilty of misconduct because he "criticized defendant for not calling his witnesses whose testimony had been excluded." The argument ignores the record. No such comment was made by the prosecutor. He did refer to evidence in the record to the effect that other persons were at the house when appellant was alleged to have sold the heroin. He also commented on the failure of appellant to call any of those persons to testify to the fact that appellant was not there at the time of the alleged crime in spite of appellant's apparent familiarity with persons who frequented those premises. None of those persons can be said to be alibi witnesses. If they were at the place of the crime, they would be in no position to testify of their own knowledge that appellant was at a different place when the crime was committed. Comment on a defendants' failure to call logical witnesses is proper. (*People* v. *Burns,* 270 Cal.App.2d 238 [75 Cal.Rptr. 688]; *People* v. *Hardy,* 271 Cal.App.2d 322 [76 Cal.Rptr. 557].)

### Prejudice

Our examination of the record leads us to conclude that if any error was committed, it was nonprejudicial beyond a reasonable doubt. Appellant committed the crime of sale of heroin in the presence of a police officer. He tendered as a defense an alibi that was destroyed when he was cross-examined. His rejected offer of proof would not have established his alibi if the evidence contained in it had been accepted. At most, that evidence would have established that usually appellant was not present during the morning hours at the house where the crime was committed. The evi-

dence would have fallen far short of stating that appellant was not in fact present the morning the crime was committed.

The judgment of conviction is affirmed.

Wood, P. J., and Gustafson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1970.