[Civ. No. 36427. First Dist., Div. Three. May 27, 1975.]

LUDWIG TARANTINO, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Vernon L. Bradley, Martha L. Bennett and Michael A. DiSanto for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**DRAPER, P. J.**—Tarantino is charged with arson (Pen. Code, § 448a). At a hearing on pretrial motions held July 3, 1974, the trial judge expressed a doubt as to Tarantino's present mental competence, i.e., whether he is able to "understand the nature of the proceedings taken against him and to assist counsel in the conduct of a defense in a rational manner." (Pen. Code, § 1367.) The court suspended the criminal proceedings (Pen. Code, § 1368) and appointed two psychiatrists (Evid. Code, § 730) to examine petitioner and report to the court. Petitioner refused to be examined except in the presence of his attorney. Each psychiatrist refused so to proceed. The court held petitioner in contempt for refusal to submit to examination. The contempt order was annulled October 24 by another division of this court because of failure to comply with the requirements for constructive contempt, and remanded.

Before that remand, on September 27, amendments to sections 1367 and 1368 of the Penal Code had become effective. Under one of these amendments (Pen. Code, § 1368, subd. (a)), the court inquired of defense counsel "whether, in the opinion of the attorney, the defendant is mentally competent." The inquiry was contained in a written order which directed counsel to answer in writing. Counsel refused. The court then appointed the same two psychiatrists to examine petitioner and report upon his present competency to stand trial, fixed a date and place for examination by each, and set a date for trial of that issue. Defense counsel demanded a jury. At the date set for jury trial of the issue of present sanity, each doctor testified that petitioner had appeared for examination accompanied by his attorney, two assistant counsel, and a court reporter. Each testified that he could not conduct an examination before such an audience, or even with only one attorney present. Counsel and client refused to permit examination without the presence of the attorney. The court held petitioner in contempt. He was sentenced to five days in jail, but execution of the order was stayed pending application for writ and decision thereon.

Petitioner Tarantino asserts that his right to counsel is denied if he is required to submit to a psychiatrist's questioning in the absence of his attorney. He also asserts his right not to incriminate himself.

It must be remembered that the inquiry here is as to his present competence to stand trial (Pen. Code, § 1368) and not his sanity at the time of the charged offense. (Pen. Code, § 1026.)

██ Even when the examination is ordered under section 1026 (i.e., to determine the issue raised by a plea of not guilty by reason of insanity) the presence of counsel at the psychiatric examination is not constitutionally required as long as three conditions are met: (1) counsel is informed of the appointment of psychiatrists; (2) the court-appointed psychiatrists are not "permitted to testify at the guilt trial" unless the defendant places "his mental condition into issue at the guilt trial"; and (3) "[i]f defendant does specifically place his mental condition into issue at the guilt trial," and the psychiatrist testifies, the court must instruct the jury that his "testimony as to defendant's incriminating statements should not be regarded as proof of the truth of the facts disclosed by such statements," but "may be considered only for the limited purpose of showing the information upon which the psychiatrist based his opinion." (*In re Spencer*, 63 Cal.2d 400, 412 [46 Cal.Rptr. 753, 406 P.2d 33].) With these protections, "a defendant is not entitled to counsel at the psychiatric examinations . . . ." Nonetheless, the trial court "in its discretion" may permit counsel to be present as an observer, that determination to turn in substantial part upon the attitude of the psychiatrist. (*Id.,* at p. 413.)

██ As to the right against self-incrimination, we find no violation in compelling a defendant to submit to examination by court-appointed psychiatrists under section 1367 et seq., at least under a judicially declared immunity reasonably to be implied from the code provisions. The purpose of such inquiry is not to determine guilt or innocence. It has no relation to the plea of not guilty by reason of insanity. Rather, the sole purpose of these statutes is the humanitarian desire to assure that one who is mentally unable to defend himself not be tried upon a criminal charge. This purpose is entirely unrelated to any element of guilt, and there is no indication of any legislative intent that any result of this inquiry into a wholly collateral matter be used in determining the issue of guilt. Moreover, the issue of present competency, once the trial court's doubt has been expressed, must be decided before any trial of the charged offense. Both humanitarian and practical considerations call for a judicially declared immunity.

Such a declaration has express judicial sanction (*Byers* v. *Justice Court,* 71 Cal.2d 1039, 1043 [80 Cal.Rptr. 553, 458 P.2d 465]). That judgment was vacated by the United States Supreme Court (*California* v. *Byers,* 402 U.S. 424 [29 L.Ed.2d 9, 91 S.Ct. 1535]), but solely on the ground that self-identification of a driver, required by the hit-run statute, does not compel incrimination. The high court did not disagree with California's judicial declaration of immunity, nor could it, in light of its own decisions cited in the California *Byers* opinion (71 Cal.2d at pp. 1049-1053.) Thus we have no hesitancy in declaring that neither the statements of petitioner to the psychiatrists appointed under section 1369 nor the fruits of such statements may be used in trial of the issue of petitioner's guilt, under either the plea of not guilty or that of not guilty by reason of insanity. This immunity will be extended by the federal courts to use of such testimony or its fruits in any possible federal prosecution. (*Murphy* v. *Waterfront Comm'n.,* 378 U.S. 52, 79 [12 L.Ed.2d 678, 695, 84 S.Ct. 1594], summarized in *Byers,* 71 Cal.2d at p. 1053.) We recognize that this immunity normally will require that the psychiatrists appointed for examination under section 1367 et seq. be other than those appointed for inquiry under section 1026. The trial court had, at one time, sought to declare such an immunity in this case. But the order for examination here in issue inadvertently omitted such declaration. Thus the contempt order as to Tarantino cannot be sustained.

■ As to the attorney's contempt, a different issue arises. He was held in contempt, and sentenced to five days in jail, for refusing to answer the court's inquiry required by section 1368. Subdivision (a) of that section directs that, upon declaring his doubt as to present competence of the defendant, the judge shall "inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent." Significantly, no language of the statute requires counsel to answer. The purpose of the inquiry is somewhat clarified by section 1369, subdivision (a). If counsel or the defendant "informs the court that the defendant is not seeking a finding of mental incompetence," then the court shall appoint two psychiatrists, of whom one "may be named by the defense and one may be named by the prosecution." Absent such reply, the court appoints one or more experts. Thus the statutory scheme of the 1974 amendments may be construed not to require an answer to the court's inquiry of counsel, but merely to afford counsel the opportunity for an answer which will give him a voice in the choice of the court-appointed experts. So construed, counsel's election not to avail himself of this opportunity is not a basis for a contempt order.

We sympathize fully with the trial court's feeling that its effort to perform a duty required by statute, and to hold the hearing required by section 1368, was unnecessarily frustrated by counsel. The latter's refusal to answer could and should have been couched in more diplomatic terms and have been much more soundly based in law. Nevertheless, we cannot find a basis for the present contempt order as to counsel.

Let writ of prohibition issue, permanently staying enforcement of either of the present contempt orders. Now that the use immunity set forth in this opinion has been formally declared, the matter is remanded to the trial court for a new order appointing psychiatrists and fixing dates for their examination of defendant under section 1367 et seq. Both defendant and his counsel will, of course, be required to comply with the terms of such order.

Brown (H. C.), J., and Scott, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 13, 1975.