[Civ. No. 48829. First Dist., Div. Two. July 7, 1980.]

JACK POSNER, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

930

**COUNSEL**

Colleen E. Butler, Charles R. Garry and Garry, Dreyfus, McTernan, Brotsky, Stender, Herndon & Walsh for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart, Thomas A. Brady and Jamie Jacobs-May, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**SMITH, J.**—Petitioner, a defendant in a criminal action,[1] seeks relief by extraordinary writ from an order of respondent superior court which compels petitioner to furnish certain material to the prosecution for inspection prior to trial of the question of his mental competence.

This court concludes that the order violates petitioner's privilege against self-incrimination, and that petitioner is entitled to relief.

■ The conviction of an accused person while he is legally incompetent violates due process (*Pate* v. *Robinson* (1966) 383 U.S. 375, 378 [15 L.Ed.2d 815, 818, 86 S.Ct. 836]). California statutes and case law are in accord (*In re Ramon M.* (1978) 22 Cal.3d 419, 430, fn. 14 [149

---

[1]Petitioner is charged by information with violations of Penal Code section 245, subdivision (a) (assault with a deadly weapon), Penal Code section 653f (soliciting commission of certain crimes), Penal Code section 136, subdivision (b) (threats to dissuade a witness from attending) and Penal Code section 136-1/2 (bribe to dissuade witness from attending); all offenses charged are felonies.

All subsequent code references shall be to the Penal Code unless otherwise indicated.

Cal.Rptr. 387, 584 P.2d 524]).[2] Significant responsibility rests with counsel and the trial judge to prevent the conviction of an accused person who is mentally incompetent to stand trial.[3]

Counsel for petitioner sought,[4] and the court granted, petitioner's motion for a jury trial on the issue of the petitioner's mental competence to stand trial.[5] Pursuant to section 1369, the court appointed two psychiatrists and a neurologist to examine petitioner.[6] Prior to the trial, the People sought and obtained the discovery order complained of in this proceeding.

The order compels the disclosure of the "name, address and telephone number of *all* persons whom the defendant will call at the trial pursuant to Section 1368...including lay and expert witnesses...all materials...including, but not limited to, letters, medical records, reports or statements of witnesses supplied to (such) persons...by the defendant to aid in the formulation of their testimony and/or opinion ...Notes, including but not limited to, writing of any description, by any person concerning the content of interviews, telephone calls and/or discussions regarding defendant...by any such person in the formulation of their testimony...." Further, the order requires the production of "[*a*]*ny* scientific, laboratory, technical, criminal, medical psychological or psychiatric reports prepared for the defendant concerning the competence of defendant to stand trial which will be introduced in evidence or referred to by any defense witness during trial." (Italics added.)

---

[2]Section 1367 provides that "A person cannot be tried or adjudged to punishment while he is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder...he is unable to understand the nature of the proceedings taken against him and to assist counsel in the conduct of a defense in a rational manner."

[3]Section 1368, subdivision (a) provides: "If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent...."

[4]Section 1368, subdivision (b) provides that "If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369."

[5]Section 1369 provides for a trial "by court or jury" of the question of mental competence.

[6]Section 1369, subdivision (a) provides that "The court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant."

Petitioner seeks to vacate this order arguing it is violative of his state constitutional privilege against self-incrimination. ■ The California Supreme Court has held that the general test for pretrial criminal discovery is whether the "disclosure thereof conceivably might lighten the prosecution's burden of proving its case in chief." The "privilege forbids compelled disclosures which could serve as a 'link in a chain' of evidence tending to establish guilt of a criminal offense;..." (*Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320, 326 [85 Cal.Rptr. 129, 466 P.2d 673].) The Supreme Court in *Allen* v. *Superior Court* (1976) 18 Cal.3d 520, 526 [134 Cal.Rptr. 774, 557 P.2d 65], reaffirmed the *Prudhomme* test and rested its position on the *independent force* of article I, section 15 of the California Constitution. (*Allen* v. *Superior Court, supra,* at p. 525.)

However, the People argue that the privilege against self-incrimination is not applicable in a section 1368 proceeding as distinguished from a criminal proceeding. ■ Although a section 1368 hearing has been characterized as a special proceeding of a civil nature which is collateral to the criminal proceeding (*People* v. *Fields* (1965) 62 Cal.2d 538, 540 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708]; *People* v. *Lawson* (1918) 178 Cal. 722, 728-729 [174 P. 885]), it is well established that ""The privilege can be claimed in *any proceeding*, be it criminal or civil, administrative or judicial, investigatory or adjudicatory...it protects *any disclosures* which the witness may reasonably apprehend *could be used in a criminal prosecution or which could lead to other evidence that might be so used.*" [Fn. omitted.] (Italics added.)' (*In re Gault*, 387 U.S. 1, 47-48..., from conc. opn. by Justice White in *Murphy* v. *Waterfront Comm'n., supra*, 378 U.S. 52, 94....)" (*Cramer* v. *Tyars* (1979) 23 Cal.3d 131, 138 [151 Cal.Rptr. 653, 588 P.2d 793]; see *People* v. *Rucker* (1980) 26 Cal.3d 368, 378-379 [162 Cal.Rptr. 13, 605 P.2d 843]; *Black* v. *State Bar* (1972) 7 Cal.3d 676, 685 [103 Cal.Rptr. 288, 499 P.2d 968].)

■ Therefore, the order here in question must be measured by the *Prudhomme* test. This court feels it is clear that a discovery order for a section 1368 trial which asks for the identity and location of all persons to be called by defendant, all materials supplied by defendant to such persons, the content of all communication between these witnesses and the defendants, and all reports concerning the defendant prepared by any defense witnesses fails the *conceivably might lighten the prosecution's burden* test of *Prudhomme*. The breadth of the subject order

creates the risk of supplying the *link in a chain tending to establish criminal guilt.*

The California Supreme Court has rejected a balancing test with regard to discovery in a criminal case. *Prudhomme* and *Allen* make it clear that the courts are not to deal with pretrial criminal discovery in the same manner as they deal with pretrial civil discovery.

Our primary concern in the criminal setting is not the court calendar efficiency sought in civil discovery. "The *Prudhomme* standard leaves no room for a balancing of interests" between that of the state and that of the accused. (*Allen* v. *Superior Court, supra*, at p. 525.) In criminal prosecutions, it is controlling that the accused has the always present right to remain silent. Further, the defendant is protected and given sanctuary by the presumption of innocence, until the prosecution, at the trial, has made a prima facie case against him. (*People* v. *Schader* (1969) 71 Cal.2d 761, 770 [80 Cal.Rptr. 1, 457 P.2d 841]; *Malloy* v. *Hogan* (1964) 378 U.S. 1, 7-8 [12 L.Ed.2d 653, 658-660, 84 S.Ct. 1489].) This prosecutorial burden is basic to our system. The blanket disclosure of names and addresses of witnesses may, albeit ever so slightly, tend to lighten this burden of the People.

However, the prosecution contends that under *Tarantino* v. *Superior Court* (1975) 48 Cal.App.3d 465, 469 [122 Cal.Rptr. 61], a defendant must submit to examination by court-appointed psychiatrists under section 1367 et seq. and such examination is not a violation of defendant's privilege against self-incrimination. The basis of the *Tarantino* case is a finding that the legislative intent in a "competency to stand trial" hearing is "entirely unrelated to any element of guilt." (*Tarantino* v. *Superior Court, supra*, at p. 469.)

The court in *Tarantino* states that "neither the statements of [defendant] to the psychiatrists appointed under section 1369 nor the fruits of such statements may be used in trial of the issue of [defendant's] guilt...." (*Tarantino* v. *Superior Court, supra*, at p. 470.) The People argue that the rule of *Tarantino* justifies the order in question in this case.

But the order here goes far beyond the judicially declared immunity afforded a defendant by the *Tarantino* case. It speaks to "all persons whom the defendant will call at the trial...records...reports... supplied to (such) persons by defendant." The order in this case is far

too broad and sweeping and reaches beyond the *Tarantino* immunity and fails to keep secure the defendant's privilege against self-incrimination. The holding here does not totally bar section 1369 pretrial discovery. But such discovery order cannot possibly have a tendency to incriminate the defendant. (*Prudhomme* v. *Superior Court, supra,* at p. 322; *Allen* v. *Superior Court, supra,* at p. 526.)[7]

This court, therefore, extends to prosecutorial discovery in a section 1368 proceeding the same stringent standards set forth in *Prudhomme* for pretrial discovery from a defendant in a pending criminal proceeding. The privilege forbids compelled disclosures, regardless of the form which the compulsion takes. (*Allen* v. *Superior Court, supra,* at p. 526.)

The discovery order was in excess of the court's jurisdiction and void. Let a peremptory writ of mandate issue to compel respondent court to vacate its order of April 3, 1980, which reinstated its order granting the People's motion for discovery.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied August 6, 1980, and the opinion was modified to read as printed above. The petition of real party in interest for a hearing by the Supreme Court was denied September 17, 1980. Clark, J., was of the opinion that the petition should be granted.

---

[7]If the evidence might possibly incriminate petitioner, he cannot be compelled to disclose it at any time prior to its actual use at hearing. (*Bradshaw* v. *Superior Court* (1970) 2 Cal.3d 332, 333, fn. 3 [85 Cal.Rptr. 136, 466 P.2d 680]; *Allen* v. *Superior Court, supra,* at p. 526, fn. 3.)