[No. E006577. Fourth Dist., Div. Two. Aug. 24, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
R. MICHAEL PERRY et al., Real Parties in Interest.

## COUNSEL

Grover C. Trask II, District Attorney, and Curtis R. Hinman, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Ephraim Margolin and Nicholas C. Arguimbau for Real Parties in Interest.

## OPINION

**HOLLENHORST, J.**—In a letter to counsel for Perry, Hixon, and Greene, real parties in interest, the district attorney advised he had granted

"limited use immunity" to the trio in expectation of their forthcoming testimony before the grand jury.[1]

Mr. Polis responded that his clients would assert their Fifth Amendment rights notwithstanding the People's grant of immunity. At the scheduled grand jury hearing, real parties did in fact assert their rights under the Fifth Amendment and declined to answer any questions. The People filed a motion to compel testimony in the superior court. The court ultimately denied that motion on the finding that such an order would grant real parties transactional immunity.

 This case presents two important issues: (1) Does a public prosecutor have the unilateral right to grant immunity to a witness and obtain judicial enforcement of that immunity in a criminal matter where a witness declines to accept the grant; and (2) may the grant of immunity sought to be enforced by the prosecutor be in the form of "use" immunity? We find no compelling authority for either proposition.

## DISCUSSION

Penal Code section 1324[2] provides for the granting of immunity upon petition of the prosecutor and upon the court finding such a grant of immu-

---

[1] The letter was as follows:

"Dear Mr. Polis:

"This letter is to inform you that the Riverside District Attorney grants to Hugh Hixon, R. Michael Perry and Scott Greene limited immunity as follows:

"No testimony or other information given before the Riverside County Grand Jury in the investigation of Alcor Life Extension Foundation or the death of Dora Kent or any information directly or indirectly derived from such testimony or other information may be used against the witness in any criminal case except a prosecution for perjury or giving a false statement.

"Based on our prior conversations, it is my understanding that the above named witnesses will appear before the Riverside County Grand Jury at 4200 Orange Street, Riverside, California on December 13, 1988, at 9:30 a.m. without subpoena.

"Very truly yours,

"GROVER C. TRASK II
District Attorney

"By: /s/_____
CURTIS R. HINMAN
Deputy District Attorney"

[2] Penal Code section 1324 provides: "In any felony proceeding or in any investigation or proceeding before a grand jury for any felony offense if a person refuses to answer a question

nity to be in the public interest. Our courts have also recognized that "[i]t was undoubtedly within the power of the Legislature to make the grant of immunity conditional upon a request of district attorney of the county or the Attorney General, the power to provide for the exercise of a grant of immunity being essentially a legislative function." (*In re Weber* (1974) 11 Cal.3d 703, 720 [114 Cal.Rptr. 429, 523 P.2d 229].)

The People initially contend that they have the unilateral authority to grant immunity based upon the holding in *People* v. *Superior Court* (*Crook*) (1978) 83 Cal.App.3d 335, 339 [147 Cal.Rptr. 856]. In that case, the court held: "Although the grant of immunity offered by the district attorney was not formalized pursuant to Penal Code section 1324, the trial court correctly concluded that the district attorney has the inherent power to grant a general or limited immunity without complying with the formalities of that section." The holding in that case granting such authority is grounded upon the case of *People* v. *Label* (1974) 43 Cal.App.3d 766 [119 Cal.Rptr. 522]. Unfortunately, the court in *Crook* misinterpreted the facts and holding in *Label* as authority for its holding on the immunity issue. A close reading of *Label* demonstrates that it was the court, not the district attorney, that granted immunity to the witness. (*Id.,* at p. 773.) Additionally, the *Label* court held "Under Penal Code section 1324 a judge may grant immunity only upon the written request of the Attorney General or a district attorney. The decision to *initiate* the request rests in the sole discretion of the prosecuting attorney." (*Id.,* at p. 774, italics added.) In our analysis of this issue, we are not convinced that the district attorney has the unilateral authority to grant immunity which then becomes enforceable absent intervening events.

In *People* v. *Brunner* (1973) 32 Cal.App.3d 908 [108 Cal.Rptr. 501], the prosecution promised immunity to a witness without initially applying to the court under Penal Code section 1324. The agreement involved Brunner

---

or produce evidence of any other kind on the ground that he may be incriminated thereby, and if the district attorney of the county in writing requests the superior court in and for that county to order that person to answer the question or produce the evidence, a judge of the superior court shall set a time for hearing and order the person to appear before the court and show cause, if any, why the question should not be answered or the evidence produced, and the court shall order the question answered or the evidence produced unless it finds that to do so would be clearly contrary to the public interest, or could subject the witness to a criminal prosecution in another jurisdiction, and that person shall comply with the order. After complying, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to answer or produce evidence. But he may nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order."

testifying against another in a murder prosecution. When Brunner recanted her testimony at the grand jury proceedings and trial, the district attorney argued that since Penal Code section 1324 had not been complied with, the immunity granted by the People was unenforceable. The court held: "Although section 1324 was not followed in this case, we conclude that the People are estopped from arguing noncompliance. It would be anomalous to permit the People, represented by the district attorney, to argue that an earlier agreement entered into by the district attorney was void for lack of compliance with a statute of whose existence the district attorney must have been aware. '[I]f a prosecutor, in the furtherance of justice, makes an agreement to withhold prosecution, the court may, upon proper showing, even in the absence of statute authority, honor the undertaking.'" (*Id.,* at p. 915.)

Our research discloses no case in which a court has enforced an offer of immunity made by the district attorney absent acceptance or reliance upon the offer. In the cases relied upon by the parties in this matter the dispute concerning the immunity grant, its terms or enforcement, has arisen *after* the beneficiary has in some way relied upon the terms of the grant. (*People v. Brunner, supra,* 32 Cal.App.3d 908 [defendant testified]; *People v. Superior Court (Crook), supra,* 83 Cal.App.3d 335 [defendant gave a statement to police]; *Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596 [199 Cal.Rptr. 644] [defendant provided information to police].) We conclude that while the district attorney is entitled to *offer* immunity outside section 1324, such offer is not enforceable until it has been accepted or relied upon. (*People v. Brunner, supra,* 32 Cal.App.3d 908.)

The People next ask us to find the existence of "use" immunity under instant circumstances. As we noted at the outset of this discussion, immunity is a creature of statute and its terms have been defined by the Legislature in Penal Code section 1324. ■ " 'Use immunity' precludes punishment for the compelled disclosures by cutting the causal link between the incriminating testimony and its use through the exclusion of the compelled testimony or any evidence derived from it. . . . 'Transactional immunity' immunizes the defendant from prosecution for any offense which is implicated by the compelled testimony whether or not the testimony is in fact used." (*People v. Campbell* (1982) 137 Cal.App.3d 867, 873-874 [187 Cal.Rptr. 340].)

■ In the instant matter, the People's offer of immunity was limited to a grant of use immunity.[3] In *People v. Campbell, supra,* 137 Cal.App.3d 867,

---

[3] The People at various times use the unusual combination of words "limited use immunity." The courts have recognized limitations to transactional immunity both as to scope of criminal conduct and the time covered by the grant. (See, for example, *People v. Label, supra,* 43 Cal.App.3d 766 [immunity limited to specific dates], and *People v. Thompson* (1983) 145

the court considered the issue of the existence of use immunity in this state. That court concluded that use immunity does not exist under these circumstances holding "[h]ere section 1324 expressly governs the compulsion of testimony in a felony proceeding. It sets forth the conditions under which immunity is to be granted, some of the procedures to be followed, the scope of immunity, and *the* consequence which attends compulsion of the testimony." (*Id.,* at p. 876; cf. *People* v. *Superior Court* (*Kaufman*) (1974) 12 Cal.3d 421, 426 & 426, fn. 4 [115 Cal.Rptr. 812, 525 P.2d 716].) We believe the *Campbell* case to be correctly decided and follow its holding that where immunity is to be ordered by the court in criminal cases, the terms of that immunity must comply with the limitations set forth in Penal Code section 1324.[4] We therefore conclude the trial court was correct in its finding that the order to compel testimony must be accompanied by a grant of transactional immunity as provided in the statute.

## DISPOSITION

The alternative writ is discharged and the order of the court below is affirmed.

Campbell, P. J., and Dabney, J., concurred.

A petition for a rehearing was denied September 14, 1989, and petitioner's application for review by the Supreme Court was denied December 14, 1989.

---

Cal.App.3d 918 [193 Cal.Rptr. 782] [immunity limited to certain offense]. See also 2 Witkin, Cal. Evidence (3d ed. 1986) § 1410, p. 1378.)

[4] There have been circumstances where the court in the absence of controlling statute, has recognized grants of use immunity: *Daly* v. *Superior Court* (1977) 19 Cal.3d 132 [137 Cal.Rptr. 14, 560 P.2d 1193]; *People* v. *Superior Court* (*Kaufman*), *supra,* 12 Cal.3d 421 (civil discovery); *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024] (violation of probation hearing preceding trial); *Tarantino* v. *Superior Court* (1975) 48 Cal.App.3d 465 [122 Cal.Rptr. 61] (compelled psychiatric examination). To the extent *People* v. *Thompson, supra,* 145 Cal.App.3d at page 926, suggests that use immunity can be judicially ordered in criminal matters, we reject that notion for the reasons stated in *People* v. *Campbell, supra,* 137 Cal.App.3d 867, and *People* v. *Sutter* (1982) 134 Cal.App.3d 806 [184 Cal.Rptr. 829].