## No. 25406

**The People of the State of Colorado
v. Arnold E. Chacon, Carlos A. Chacon,
and Jose R. Lucero also known as Rudy Lucero**
(494 P.2d 79)

Decided February 28, 1972.

Carl Parlapiano, District Attorney, Donald W. Hull, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Darol C. Biddle, Deputy, for defendants-appellees.

*En Banc.*

Per Curiam

This interlocutory appeal was brought pursuant to C.A.R. 4.1 by the district attorney of Pueblo County. He seeks to reverse an order of the district court which granted the defendants' motions to suppress statements and tangible evidence obtained as the result of their arrest for investigation of rape. The district court granted the defendants' motions to suppress on the ground that the prosecution failed to sustain its burden of proof by showing that the warrantless arrests were supported by probable cause. We affirm.

In *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971), we stated that "[t]he burden of proving the existence of probable cause for an arrest without a warrant is on the prosecution." *Accord, People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). Although the record in this case suggests that the defendants were arrested on the basis of a complaint made by the alleged victim, no evidence of such a complaint or of its contents or the basis for the complaint was presented to the court. The prosecution's failure to present evidence to support a determination that the arrest of the defendants was supported by probable cause left the court with no alternative but to hold that the arrests were unlawful and their fruits inadmissible. *People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Ruling affirmed.

MR. JUSTICE LEE not participating.