No. 25846

**The People of the State of Colorado v.
Steven Andrew Masson**

(521 P.2d 1246)

Decided May 6, 1974.

66

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

In a trial to the court the defendant was convicted of burglary and theft. We affirm.

The facts are not in dispute. On the evening of July 6, 1972, a doctor's office and an adjoining pharmacy were burglarized, and an air conditioner, a microscope, and other medical and pharmaceutical equipment and drugs were taken. Subsequently an anonymous telephone caller informed the Colorado Springs Police Department that the stolen air conditioner was located in the trunk of a vehicle belonging to the defendant. The police found the vehicle at the place

described by the anonymous caller and impounded it. After obtaining a search warrant, the police searched the defendant's vehicle and found and seized the stolen air conditioner and microscope.

When the defendant later appeared at the police department to claim his vehicle, he was advised of his constitutional rights and interrogated. The defendant admitted that he committed the crimes.

I.

The defendant first contends that the trial court erred in denying his motion to suppress any evidence seized as a result of the search of his vehicle, arguing that the affidavit in support of the search warrant failed to set forth facts constituting probable cause for the issuance of the warrant.

The material portions of the affidavit are as follows:

"July 7, 1972, Officer J. P. McElderry of the Colorado Springs Police Department, investigated a burglary at 2109 Templeton Gap Rd., Colorado Springs, Colorado. The victims were: HAL NOLAN STUNPFF, owner of Hal's Pharmacy, and DR. JAMES EDWARD EDWARDS.

"Officer McElderry determined that the burglary occurred between JULY 6, 1972, 8:30 PM, and JULY 7, 1972, 8:00 AM.

\* \* \*

"Taken from DR. JAMES E. EDWARDS' office were: One (1) Pencrest window air conditioner, model #2005; serial number 1015390515; one. (1) Century Mark IV AM-FM Radio Amplifier; eight track stereo tape deck; portable stereo record player; one (1) General Electric portable eight track transistor radio; one (1) Minocular Microscope.

"JULY 10, 1972, Asst. Chief Carl E. Petry of the Colorado Springs Police Department, received an anonymous phone call from a male party advising that the air conditioning unit from a drugstore burglary was located in the trunk of a yellow Chevelle owned by STEVEN MASSON, and the vehicle had been wrecked and abandoned on Colorado Highway #83, between Academy Blvd. and Old Ranch Road.

"JULY 10, 1972 — Colorado Springs Police Department

Officer John R. Hudson found a 1967 Chevrolet, 2 dr., hardtop, color yellow, Colorado license KG-9391; I.D. number 138177Z114181: owned by STEVEN A. MASSON; Box 30-B. The vehicle had left rear tire missing and was located 1 and 2/10th miles north of Academy Blvd. on Colorado Highway #83, El Paso County, Colorado. The vehicle was towed to the Colorado Springs Police Department lot, 224 East Kiowa Street, Colorado Springs, Colorado, El Paso County."

The standards of probable cause for issuance of a search warrant based on information given to an affiant police officer by an unidentified informant are set forth in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the *Aguilar-Spinelli* test the affidavit must: (1) allege facts from which the issuing magistrate could independently determine whether there were reasonable grounds to believe that illegal activity was being carried on in the place to be searched; and (2) set forth sufficient facts to allow the magistrate to determine independently if the informer is credible or the information reliable. *People v. Baird,* 182 Colo. 284, 512 P.2d 629 (1973); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973).

There can be no question that the affidavit sets forth facts sufficient to satisfy the first prong of the *Aguilar-Spinelli* test, and the defendant does not contend otherwise.

The question raised here is whether the affidavit contained sufficient facts to satisfy the second prong of the test, *i.e.,* whether there was sufficient information in the affidavit to allow the magistrate to independently determine whether the informant was credible or his information reliable. As pointed out by the defendant, the affidavit contains nothing pertaining to the credibility of the informer. However, we noted in *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971), that there are at least three ways in which an affidavit might allow a magistrate to determine the reliability of an informant's information: (1) by stating that

the informant had previously given reliable information; (2) by presenting the information in detail which clearly manifests its reliability; and (3) by presenting facts which corroborate the informant's information. In this case the reliability of the information could be tested by the latter two methods. All of the following detailed information supplied by the informer was corroborated by independent police investigation and set forth in the affidavit: The fact that a drugstore burglary had occurred; that an air conditioner had been taken; that there was an abandoned, damaged vehicle at a precise location; and that the defendant owned the vehicle. The *only* critical piece of information supplied by the informant that was not corroborated by independent police investigation was the fact that the air conditioner was located in the trunk of the defendant's vehicle. Under these circumstances we hold that the affidavit was sufficient to allow the magistrate to independently determine the reliability of the informant's information.

## II.

At the time the defendant appeared at the police station to claim his impounded vehicle, he was advised of his rights, interrogated, and a confession was obtained from him. After hearing testimony, the trial court ruled that the defendant's confession was voluntarily given and admitted it into evidence. The defendant argues that his confession was involuntarily given because he was under the influence of drugs at the time and was thus unable to understand or waive his *Miranda* rights.

The testimony concerning the defendant's state of mind during the interrogation was in conflict. One of the interrogating officers testified that the defendant did not appear to be intoxicated or under the influence of drugs, and that he understood what was happening. The defendant's father as well as a friend of the defendant testified that the defendant appeared to be under the influence of drugs around the time of the interrogation.

In our view the record establishes that the People sustained the burden to show by a preponderance of the

evidence that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *People v. Smith,* 179 Colo. 413, 500 P.2d 1177 (1972).

Judgment affirmed.

MR. JUSTICE ERICKSON dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent from the majority opinion. In my view, the majority opinion summarily bypasses the critical issue relating to the validity of the search warrant which supported the search of the defendant's car.

The majority opinion asserts that the affidavit submitted in this case meets both the first and second prongs of the requirements set out in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). I cannot agree. My disagreement centers upon the majority's reasoning that "there can be no question that . . . the first prong of the *Aguilar-Spinelli* test . . ." is met.

In *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), the Supreme Court of the United States articulated the concept which has become the first prong of the *Aguilar-Spinelli* test:

"[T]he inferences from the facts which lead to the complaint '[must] be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' . . . . The purpose of the complaint, then, is to enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. *He should not accept without question the complainant's mere conclusion* . . . ." [Emphasis added.]

Thus, under the facts of this case, the first prong of the *Aguilar-Spinelli* test requires that the affidavit set forth sufficient "underlying circumstances" to enable the judge independently to determine the validity of the informant's conclusion concerning the location of the stolen air conditioner.

The only alleged circumstance contained in the affidavit before us which is directed to the first prong of the *Aguilar-Spinelli* test is the recital that ". . . Asst. Chief Carl E. Petry of the Colorado Springs Police Department received an anonymous phone call from a male party advising that the air conditioning unit from a drug store burglary was located in the trunk of a yellow Chevelle . . . ." That fact alone is nothing more than a "mere conclusion" that the air conditioner could be found in the car's trunk. Moreover, the conclusory statement is not that of the affiant himself, but the conclusion of an anonymous phone caller. Nothing before us establishes whether the informant spoke from personal knowledge or relied upon another person's personal knowledge. The affidavit does not reveal the actual source of the information or whether the anonymous phone caller or another person suspected, believed, or concluded that the air conditioner could be found in the trunk. As a result, the judge who issued the search warrant could not determine for himself the persuasiveness of the facts relied upon by the anonymous informer to show probable cause. He necessarily accepted without question the informant's "suspicion," "belief," or mere "conclusion" that the air conditioner was in the car's trunk. In condemning the use of similar untrustworthy sources, the Supreme Court said:

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail so that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli v. United States, supra.*

The unsupported, conclusory statement contained in the

affidavit is insufficient, in my view, to meet the first prong of the *Aguilar-Spinelli* test. As a result, the search warrant is invalid and the evidence seized under the invalid warrant should have been suppressed.

Accordingly, I would reverse.