## No. 26127

### The People of the State of Colorado v.
### Mary Louis Theresa Aragon
(529 P.2d 644)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Brenman, Sobol & Baum, Leo T. Zuckerman, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant was found guilty by a jury of aggravated robbery. At trial, several eyewitnesses identified this defendant as being one of the participants who robbed a dress shop in Arapahoe County of cash and many items of apparel. The only contention on appeal is that the trial court erred in not suppressing evidence seized pursuant to a search warrant. This contention is without merit and we therefore affirm the trial court's judgment.

The defendant argues that the affidavit in support of the search warrant is deficient. It relates that the affiant (a Denver Police Department detective) received information from an unidentified informant who had seen a large quantity of women's apparel and two handguns in an apartment in Denver. The affiant, who had been assigned to investigate a number of robberies of dress shops, verified that the listed items were reported stolen in an armed robbery of a dress shop in Arapahoe County. Thereafter, the apartment was searched, and the items seized.

The attorneys for the defendant and for the People concede that the issue is narrowed to a determination of whether the information related in the affidavit is sufficient to satisfy the second prong of the *Aguilar-Spinelli* test for determining the sufficiency of affidavits in support of search warrants. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v.*

*United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). This second prong requires that the affidavit set forth sufficient information so that the magistrate who is asked to issue the search warrant can determine that the informant is credible or that his information is reliable.

■ The affiant stated that his informant had "proven to be reliable on past occasions." *Aguilar* and *Spinelli,* clearly dictate that the mere assertion of reliability is not sufficient to establish the informant's credibility. There must be a more comprehensive statement of underlying facts upon which the magistrate can make an independent determination that the informant is credible or his information reliable.

■ In this case, the internal evidence about the informant, or the circumstances under which the information was furnished, does not sufficiently establish the informant's credibility nor does it render sufficient reliability to his information. But *Spinelli* teaches that the affidavit may nevertheless pass constitutional muster where the affidavit also includes independent verification of portions of the informant's story. This supplies credence to the informant's information and enhances his reliability. This analysis is described in *Spinelli* as follows:

"If the tip is found inadequate under *Aguilar,* the other allegations which corroborate the information contained in the hearsay report should then be considered. At this stage as well, however, the standards enunciated in *Aguilar* must inform the magistrate's decision. He must ask: Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass *Aguilar's* tests without independent corroboration?"

■ The informant related, from personal knowledge, that numerous articles of women's apparel were secreted in the Denver apartment which was the subject of the search warrant. These items were described in detail as to quantity, manufacturer, style, color, and size. The affiant, upon receiving this information determined independently that these exact items were stolen in the armed robbery. This verification by the affiant renders the affidavit sufficient by enhancing the reliability of the information supplied by the informant. So enhanced, this affidavit meets con-

stitutional standards. *People v. Masson,* 185 Colo. 65, 521 P.2d 1246 (1974); *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971); *see Dawson v. State,* 14 Md. App. 18, 284 A.2d 861 (1971); *Moylan, Hearsay and Probable Cause: An* Aguilar *and* Spinelli *Primer,* 25 *Mercer L. Rev.* 741, 777-78 (1974). *See also Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.