## No. 26838

### The People of the State of Colorado v. Kenneth King

(541 P.2d 901)

Decided November 3, 1975.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Alvin D. Lichtenstein, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an interlocutory appeal by the People asserting error by the district court in granting defendant's motion to suppress evidence. C.A.R. 4.1. We reverse.

Defendant, Kenneth King, was arrested without a warrant on the basis of a tip supplied by a confidential informant. He was subsequently charged with felony-theft and with being an accessory to an aggravated robbery. The charges stem from an alleged robbery in which a number of checks were stolen from the Denver Housing Authority.

Defendant first filed two motions: (1) to disclose the identity of the informant, and (2) to suppress physical evidence seized upon his arrest. At the hearing on the first motion, during which Detective William Martinez testified, the trial judge ordered that the informant be produced at an *ex parte in camera* hearing outside the presence of defendant and his counsel. Following the closed hearing the court determined that the informant was reliable and his information was credible and so found. The court also observed the informant was not an eyewitness to the crime and was not present at the time that defendant allegedly came into possession of the stolen materials. The court then denied the motion to reveal the informant's identity.

Then followed a hearing on the second motion. Although Detective Martinez was present and testified, the court also permitted incorporation of the detective's testimony at the hearing on the motion to disclose informant's identity. On cross-examination the detective was asked the following question:

"Now, did he [the informant] tell you how he came to the conclusion that they [including defendant] were going [to] downtown Denver to sell checks?"

The detective refused to answer the question on the ground that his response would reveal the identity of the informant. After the court overruled the district attorney's objection to the question and after the detective repeated his refusal to answer the question, the court granted defendant's motion to strike all of the detective's testimony at the suppression hearing. Thereafter, defendant's motion to suppress was also granted.

The motion to suppress alleged there was no probable cause for defendant's arrest and that the incident search and seizure was therefore unlawful.

This is another of the cases in which the *Aguilar-Spinelli* test is determinative of the issue. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). There is no dispute as to the trial

court's finding that the informant was reliable, that his information was credible and that exigent circumstances existed for arrest of defendant without a warrant. The issue upon which the appeal is based is whether the "basis of knowledge" or so-called "first prong" of the *Aguilar-Spinelli* test was satisfied.

The trial court's granting of the motion is implicitly based on a conclusion that the detective's answer was necessary to meet the requirements of the "first prong." A review of the transcript at the hearing to force disclosure of the identity of the informant reveals otherwise.

During that hearing Detective Martinez testified that he learned from the informant (1) that certain checks taken in an aggravated robbery were in the possession of the defendant; (2) that the latter would be leaving a named housing project with one or two other parties within the next few minutes with these checks in his possession; (3) that they would be leaving in a green Rambler belonging to the defendant and probably driven by him; (4) that if the vehicle were stopped, the stolen checks would be recovered; and (5) that he had seen the checks in defendant's possession.

Following receipt of this information, police officers drove to a location near the project and waited for the vehicle to drive by. After the car was observed and one of the officers recognized the defendant as the driver, a chase ensued at speeds up to seventy miles per hour. Defendant was observed throwing something onto the back seat, and the car was subsequently stopped. Defendant was arrested and the checks were seized.

In *People v. Williams,* 189 Colo. 311, 541 P.2d 76, we held that the "basis of knowledge" prong of the *Aguilar-Spinelli* test may be satisfied even though there is no showing as to how the informant came upon the information conveyed. In *Williams,* the tip consisted of the following assertions: that the defendant would be going to a stated location in a vehicle of a stated make, color and license number, and that he had contraband in his possession. While officers approached the vehicle parked in the location where the informer said it would be, the defendant was observed throwing something from his pocket onto the floor of the car. In reversing the trial court's granting of the motion to suppress, we stated:

"While it is clear from the record that the informer's tip did not provide [the detective] with any information as to how the informant came upon the information conveyed, it is also clear that the tip was sufficiently detailed to make it obvious that he was 'relying on something more substantial than on casual rumor . . . or an accusation based merely on an individual's general reputation.' *Spinelli v. United States, supra.*"

The facts reportedly provided by the informant in the instant case are equally as detailed as those reportedly provided in *Williams.* In both cases, furthermore, the arresting officers verified the details prior to effecting the arrests. This included the identity of the defendant, the color and make of the car, the driver, and the time and general area where the defendant would be. All the facts and circumstances, including the officers' individual observations of defendant's suspicious behavior, must be

considered in determining the existence of probable cause. *Williams, supra.* We adopt the rationale of *Williams, supra,* and cases cited therein.

We would also note that on two occasions, following the detective's refusal to answer the question on cross-examination, the trial judge stated that he believed that the prosecution had met its burden of proving that probable cause existed for defendant's arrest and the subsequent search of his car. Thus, the suppression order is contrary to the court's statements from the bench.

■ We hold that the detective's testimony at the motion to disclose the identity of the informant, which was incorporated into the suppression hearing, established the requirements of the first prong of the *Aguilar-Spinelli* test. Therefore, the trial court erred in granting the motion to suppress. The answer to the question which Martinez refused to answer was irrelevant to a determination of probable cause.

Ruling reversed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting.

I respectfully dissent. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), formulated the standards for determining the trustworthiness of hearsay information dispersed by informants. The analytical tool devised for making the analysis and for insuring trustworthiness of the information was the two-pronged test. Years of misuse and misunderstanding have blunted the fine points of this tool. The analytical terms "basis of knowledge," "reliability," and "credibility" have been used randomly and out of proper context. The precise analysis which the two-pronged test promised has been replaced by disorder and obfuscation. Defective prongs have given rise to cures such as self-verifying detail and independent corroboration. In turn, the cures have been misapplied, remedying defects for which they were not designed. *See People v. Trontell,* 188 Colo. 253, 533 P.2d 1124 (1975); Moylan, *Hearsay and Probable Cause: An Aguilar and Spinelli Primer,* 25 Mercer L. Rev. 741 (1974). This area of the law is in need of reanalysis and clarification.

The trial court in this case found that the basis-of-knowledge prong, as set forth in *Aguilar v. Texas, supra,* was not satisfied. Contrary to the majority, I do not believe the basis-of-knowledge prong is satisfied by a tedious chronology of details nor by an officer's independent corroboration of an anonymous informer's tip. In my view, the basis-of-knowledge prong was not satisfied in this case, and for that reason, I dissent.