### No. 27432

### The People of the State of Colorado v. Daniel Lee Gomez

(563 P.2d 952)

Decided May 16, 1977.

J. E. Losavio, Jr., District Attorney, James A. Lowe, Deputy, for plaintiff-appellant.

James A. Carleo, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an interlocutory appeal, pursuant to C.A.R. 4.1, to obtain review of an order suppressing evidence obtained by the police in a narcotics investigation. We affirm.

The defendant was charged with possession of a dangerous drug (marijuana) with intent to dispense. Sections 12-22-412 and 12-22-404, C.R.S. 1973. The evidence which ties the defendant to the crime charged was taken from the defendant's automobile following his arrest. The automobile was stopped and the arrest was made without a warrant. Defense counsel filed a motion to suppress, asserting that probable cause did not support the arrest and that an invalid arrest requires that all evidence seized incident to the arrest be suppressed. *See People v. McPherson*, 191 Colo. 81, 550 P.2d 311 (1976); *People v. Montoya*, 189 Colo. 106, 538 P.2d 1332 (1975). The trial court heard evidence and legal arguments, made detailed findings, and then entered an order granting the defendant's motion to suppress.

The issues before us on appeal are (1) whether probable cause existed for the arrest and search in this case, and (2) whether the stop of the defendant and subsequent discovery of the marijuana can be justified as an "investigatory stop" under the line of cases which culminated in *People v.*

*Casias,* 193 Colo. 66, 563 P.2d 926.

I.

*Probable Cause*

The minimum requirement for an arrest to pass constitutional muster is the existence of probable cause to believe that a crime had been committed by the defendant. The two-prong *Aguilar-Spinelli* test for measuring probable cause based upon information received from third parties has been interpreted and reviewed by us on many occasions. *See, e.g., People v. King,* 189 Colo. 454, 541 P.2d 901 (1975); *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971). The police predicate their assertion that probable cause exists to support the arrest on information supplied by a confidential, reliable informant and upon observations that were made by police officers in the course of three days of surveillance of the defendant's activities.

The reliability of the informant was never established. The record does not establish how or when his assertions were made. Moreover, there was no supportable factual basis for the informant's assertions.

The prosecution had the burden of establishing probable cause to support the warrantless arrest. *See, e.g., People v. Chacon,* 177 Colo. 368, 494 P.2d 79 (1972). Nothing presented by the prosecution at the suppression hearing was substantial or amounted to more than rumor or suspicion that marijuana was being sold. *People v. King, supra.* The information supplied by the informer was not of a self-verifying nature and did not meet the tests set out in *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The type of car which the defendant would be driving and the telephone number of the defendant's mother's residence clearly do not rise to the level of relevant information that could establish probable cause that a crime was committed by the defendant.

II.

*Investigatory Stop*

On appeal, the prosecution suggests that the stop of the defendant's vehicle was an "investigatory stop" within the constitutional guidelines most recently articulated in *People v. Casias, supra.* The prosecution's contention is not sound. The record reveals that, far from being an *investigatory* stop, the officers' purpose in stopping the defendant's car was to make an arrest and search. Evidence before the trial court indicated that the defendant was arrested and handcuffed prior to the time that his automobile was searched. As noted in *People v. Casias, supra,* a legitimate basis for making the "stop" must exist to support the stop. To rationalize an arrest, which is defective for lack of probable cause, as an "investigatory stop" is to create an unprecedented exception to the traditional constitutional constraints on arrest. We decline to create such an exception. *See People v. Williams,* 192 Colo. 249, 557 P.2d 399 (1976). The doctrines enunciated in *Casias* and previous cases cannot be used as a

blanket means of validating constitutionally defective arrests.
    Ruling affirmed.