The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Horatio Angelo MACIAS,
Defendant–Appellant.

No. 78–230.

Colorado Court of Appeals,
Div. III.

April 17, 1980.

Rehearing Denied May 15, 1980.

Certiorari Denied Aug. 18, 1980.

John D. MacFarlane, Atty. Gen., R. Dale Tooley, Dist. Atty., David Purdy, Deputy Dist. Atty., Brooke Wunnicke, Chief Deputy Dist. Atty., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Wade H. Eldridge, Spec. Deputy Public Defender, Denver, for defendant–appellant.

BERMAN, Judge.

Defendant appeals his conviction by a jury of possession of a narcotic drug with intent to sell, in violation of § 12–22–322, C.R.S. 1973 (1979 Cum.Supp.). We affirm.

An informant agreed to cooperate with the police and told them that she had been dealing in heroin for the defendant for over a year. She stated that the transactions were arranged by phone, after which she would drive to a designated place at a certain time. The defendant, driving one of three described cars, would then drive up and park behind her car, get out and walk up the the driver's side and transfer the heroin to her.

The police observed and verified the informant's description of this procedure the next day. When the defendant approached the driver's side of the car, the police ran toward defendant, who, upon seeing the police, dropped a tinfoil package on the ground. The police restrained defendant, seized the package on the ground, and then arrested defendant.

On appeal, defendant first contends that the trial court erred in denying his challenge for cause of a juror who stated that

she would find police officers more credible as witnesses solely by virtue of the fact that they were police officers. We disagree.

■ If the trial court is convinced that a juror will fairly and impartially try a case, its denial of a challenge for cause will not be disturbed in the absence of a clear abuse of discretion. *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977); *Leick v. People*, 136 Colo. 535, 322 P.2d 674 (1958). Here, the trial court conducted an extensive *in camera* hearing to determine whether the juror in question could be impartial and its finding of impartiality did not constitute an abuse of discretion.

Defendant contends that the trial court erred in denying his motion to suppress the package, arguing that it was seized following an illegal arrest effected without probable cause. Again, we disagree.

■ The trial court held that the seized evidence had been abandoned by defendant, and did not reach the issue of whether there was probable cause for the arrest. We agree with defendant that evidence abandoned as the result of an illegal arrest must be suppressed. *People v. Severson*, 39 Colo. App. 95, 561 P.2d 373 (1977). However, we conclude that, as a matter of law, the police had probable cause to arrest defendant prior to his abandonment of the package.

■ Probable cause for a warrantless arrest may be derived from an informant's tip that satisfies the *Aguilar–Spinelli* test. *People v. Gonzales*, 186 Colo. 48, 525 P.2d 1139 (1974). The trial court's findings of fact in the suppression hearing indicate that the informant told the police: a) the defendant's name; b) that the transactions were arranged by telephone; c) that defendant would drive one of three described cars; d) that defendant would then get out, walk up to the driver's side of the informant's car and effect the transfer. This description was sufficiently detailed to satisfy the "basis of the knowledge" prong of the *Aguilar–Spinelli* test. *People v. Williams*, 189 Colo. 311, 541 P.2d 76 (1975); *People v. King*, 189 Colo. 454, 541 P.2d 901 (1975).

Because they were dealing with a first–time informant, the police established the reliability of the information by observing the events that transpired on the day after they received the informant's information. All the events set forth by the informant were verified by the police, and thus, when defendant approached the driver's side of the car, after parking a previously described car, in the specified manner, in the designated place, and at the appointed time, the police had probable cause to arrest the defendant, *People v. Williams, supra; People v. King, supra.* Moreover, the police were confronted with exigent circumstances which justified a warrantless arrest. *DeLaCruz v. People*, 177 Colo. 46, 492 P.2d 627 (1972). Thus, the arrest of defendant was effected properly, and the seized package was properly admitted into evidence. *People v. Ortega*, 175 Colo. 136, 485 P.2d 894 (1971).

■ We reject defendant's contention that the trial court erred in permitting the informant to claim the Fifth Amendment. In the course of the suppression hearing, the trial court, acting on the prosecution's request, advised the informant of her Fifth Amendment rights, and appointed counsel to represent her. The prosecution stated that although no charges were currently pending against the informant, "if she were to make an admission at this time, presumably a case could be brought against her." As it was apparent from the circumstances that the testimony could tend to incriminate the informant, the court correctly granted the informant's claim of Fifth Amendment protection. *People v. Borjas*, 191 Colo. 218, 552 P.2d 26 (1976).

■ Defendant next argues that the refusal of the prosecution to grant the witness immunity denied him the opportunity to present an effective defense. We conclude, however, that the prosecution's refusal to grant immunity was not reversible error. The decision to grant immunity rests within the discretion of the prosecution. Section 13–90–118, C.R.S. 1973.

However, the Third Circuit has recently ruled that under certain carefully described circumstances, a criminal defendant has a due process right to obtain, and the district court has the inherent authority to grant, a judicially fashioned immunity for a witness when that witness' testimony is essential to an effective defense. *Virgin Islands v. Smith*, 615 F.2d 964 (3 Cir. 1979).

The Third Circuit ruled that judicial immunity may be granted: 1) where the government's decision not to grant immunity suggests that the decision was made with the deliberate intention of distorting the judicial fact finding process; or 2) where the prosecution's refusal to grant immunity would deny the defendant an effective defense. In such cases, the defendant must apply to the district court for a grant of immunity, name the proposed witness, specify the particulars of the witness' testimony, and if the witness is available and if the defendant makes a convincing showing to satisfy the court that the forthcoming testimony is both exculpatory in nature and essential to his case, the court, after balancing the government's interest in denying immunity, may grant judicial immunity.

■ In order to constitute a proper request, defense counsel must explicitly request that the court grant a witness "immunity" at the time the witness is being questioned, and after the witness has claimed his Fifth Amendment privilege. A request or motion which requires the court to guess whether "immunity" is being sought is not sufficient. Here, even if we were disposed to accept the *Virgin Islands* doctrine, defendant's motion to compel testimony did not constitute an explicit request for judicial immunity, it did not specify the particulars of the witness' testimony, nor did it make a showing of the exculpatory or essential nature of such testimony to his case. Hence, the prosecution's refusal to grant the witness immunity did not give rise to a situation in which a grant of judicial immunity was proper, and thus, the trial court's refusal to do so was not reversible error.

■ Defendant claims that the court's order barring defense counsel from discussing the informant's testimony at the *in camera* hearing with defendant was error; however, this claim was not raised in his motion for a new trial, and in his brief to this court defendant did not point to any prejudicial effect of this order. The order did not constitute plain error, and therefore, it does not represent a basis for reversal. *People v. Billington*, 191 Colo. 323, 552 P.2d 500 (1976).

■ We must also reject defendant's argument that the trial court erred by allowing the informant's counsel to claim the Fifth Amendment on behalf of the informant instead of having her claim this privilege herself. It was within the discretion of the trial court to permit the informant's attorney to invoke the Fifth Amendment on her behalf. *United States v. Mayes*, 512 F.2d 637 (6th Cir. 1975); *People v. Pantoja*, 35 Ill.App.3d 375, 342 N.E.2d 110 (1976); *In re Marcario*, 2 Cal.3d 329, 85 Cal.Rptr. 135, 466 P.2d 679 (1970). The court observed that the witness had difficulty understanding the questions asked, and, rather than requiring her to decide whether the questions were self–incriminating, the court allowed her attorney to interpose the privilege for her. Under these circumstances, we hold that the court correctly exercised its discretion.

■ Defendant finally argues that the evidence was insufficient to support the charge that he initiated or solicited the transaction in question. The evidence, as a whole, when viewed in the light most favorable to the prosecution, *People v. Bourg*, 191 Colo. 309, 552 P.2d 504 (1976), establishes that defendant had the specific intent to initiate and solicit the sale in question. The evidence reveals that defendant engaged in affirmative acts, and attempted to transfer a sufficiently large amount of heroin from which it could be reasonably inferred that he possessed the heroin with the intent to initiate or solicit the sale. *Bourg, supra.*

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.