The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Travis M. GUYTON, Defendant–Appellant.

No. 78–904.

Colorado Court of Appeals, Div. III.

Aug. 7, 1980.

Rehearing Denied Sept. 11, 1980.

Certiorari Denied Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant–appellant.

KELLY, Judge.

Travis Guyton appeals his conviction of first degree murder. He argues that the trial court erred in denying his motion to dismiss the charge because the prosecutor refused to grant immunity to a defense witness and in failing to suppress the in–court identification of three prosecution witnesses. We affirm.

The People presented evidence that Guyton fired into a poolhall killing Charles Johnson. Charles Smith was called by the People to testify. Previous witnesses had placed Smith in the vicinity of the shooting, and in cross–examining those witnesses, defense counsel implied that Smith, not Guyton, was responsible for the shooting. After an *in camera* hearing, Smith asserted his Fifth Amendment privilege against self–incrimination. He was later called by the defense and again invoked the Fifth Amendment. The prosecution denied the defense request to grant immunity, and defense counsel moved to dismiss the charge because of the unavailability of Smith as an exculpatory witness.

Guyton argues that the prosecution's refusal to grant immunity to Charles Smith denied him his right to compulsory process guaranteed by the Sixth Amendment. He contends that the trial court has inherent powers, which it should have exercised, either to dismiss the charge against him, *see United States v. Morrison,* 535 F.2d 223 (3d Cir. 1976), or to order the People to grant immunity to Smith. *See Government of the Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir. 1980).

We need not reach the issue whether the court has such inherent powers. Even if it does, the exercise of such powers is improper when, as here, the witness for whom immunity is sought is a potential target of prosecution for the offense with which the defendant is charged. *See United States v. Turkish,* 623 F.2d 769 (2d Cir. 1980). To hold otherwise would be an invitation to cooperative perjury, rendering a just prosecution of the guilty party impossible.

> "[D]efendants could secure use immunity for each other, and each immunized witness could exonerate his co–defendant at a separate trial by falsely accepting sole responsibility for the crime, secure in the knowledge that his admission could not be used at his own trial for the substantive offense. The threat of a perjury conviction, with penalties frequently far below substantive offenses, could not be relied upon to prevent such tactics."

*United States v. Turkish, supra.*

We have considered the defendant's argument that the trial court should have suppressed in–court identifications by three witnesses and find it to be without merit.

Judgment affirmed.

ENOCH, C. J., and RULAND, J., concur.