The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald J. HARDING, Defendant-Appellant.

No. 81CA0691.

Colorado Court of Appeals, Div. III.

March 31, 1983.

Rehearing Denied April 29, 1983.

Certiorari Granted Oct. 31, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Higgins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lawrence J. Schulman, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Ronald J. Harding, appeals his jury conviction of second degree murder. We affirm.

The record discloses the following facts. On October 19, 1979, police officers discovered a body in the hallway of an apartment building. A trail of blood led them to an apartment occupied by defendant and Fayann White, both of whom were charged with murder in the second degree. The cases were severed, and the charges against White were later dismissed without prejudice. On April 16, 1980, defendant waived his right to speedy trial; his case was then continued to May 12, 1980.

Prior to the commencement of trial, defendant filed a motion to suppress certain evidence. The trial court granted the motion and, on May 19, 1980, the prosecution filed an interlocutory appeal. The notice stated that:

> "[T]his appeal is not taken for purposes of delay; and ... the evidence suppressed is a substantial part of the proof of the charge pending against the defendants."

On December 15, 1980, the Colorado Supreme Court reversed the trial court's order. *People v. Harding,* 620 P.2d 245 (Colo. 1980). Upon remand, defendant again waived his speedy trial rights, and the case was continued until April 20, 1981.

Prior to trial, defendant moved to dismiss the case on the ground that the interlocutory appeal had not been properly taken.

The trial court denied the motion at the conclusion of the prosecution's case-in-chief.

The defendant called Fayann White as a witness. Defendant unsuccessfully requested the trial court to direct the prosecutor to grant immunity to White. When White subsequently refused to testify on Fifth Amendment grounds, defendant unsuccessfully moved, pursuant to CRE 804(b)(3), to introduce an out-of-court hearsay statement White had made.

## I.

Defendant first contends that the trial court erred in refusing either to grant immunity to White or to direct the prosecution to grant immunity to her. We disagree.

■ Due process guarantees of a defendant's right to present an effective defense may require a trial court to grant judicially fashioned immunity for a witness essential to such defense. *Government of Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir.1980). *But see, United States v. Hunter,* 672 F.2d 815 (10th Cir.1982). Such "judicial" immunity may be available when:

> "prosecutorial misconduct caused the defendant's principal witness to withhold out of fear of self-incrimination testimony which would otherwise allegedly have been available to the defendant." *United States v. Morrison,* 535 F.2d 223 (3d Cir. 1976). *See also United States v. Herman,* 589 F.2d 1191 (3d Cir.1976), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979).

Though not expressly adopting the rationale of *Government of Virgin Islands v. Smith, supra,* this court, in *People v. Macias,* 44 Colo.App. 203, 616 P.2d 150 (1980), described the genesis and the effect of such principle as follows:

> "The Third Circuit ruled that judicial immunity may be granted: 1) where the government's decision not to grant immunity suggests that the decision was made with the deliberate intention of distorting the judicial fact finding process; or 2) where the prosecution's refusal to grant

immunity would deny the defendant an effective defense. In such cases, the defendant must apply to the district court for a grant of immunity, name the proposed witness, specify the particulars of the witness' testimony, and if the witness is available and if the defendant makes a convincing showing to satisfy the court that the forthcoming testimony is both exculpatory in nature and essential to his case, the court, after balancing the government's interest in denying immunity, may grant judicial immunity."

Thus, *Macias* recognized that some circumstances other than prosecutorial misconduct might require a grant of judicial immunity.

Defendant asserts that White's testimony was essential to the presentation of an adequate defense, and that the prosecution's refusal to grant immunity to White constituted a deliberate attempt to distort the judicial fact-finding process.

■ The trial court conducted a full evidentiary hearing with respect to these contentions. Applying the five-point test enunciated in *Government of Virgin Islands v. Smith, supra,* the trial court found, contrary to defendant's argument, that a strong governmental interest against the grant of immunity was demonstrated in this case. *See People v. Guyton,* 44 Colo. App. 548, 620 P.2d 50 (1980). The trial court also found that the prosecution's decision to dismiss charges against White was not improper. During the hearing, counsel for defendant stated that he had no evidence of prosecutorial misconduct. Assuming, *arguendo,* that Colorado trial courts possess authority to grant judicial immunity in appropriate cases to preserve due process rights, we agree with the trial court's conclusion that this is not such a case. *People v. Macias, supra.*

■ Insofar as defendant's assertion that the trial court erred in not requiring the prosecution to grant White transactional immunity pursuant to § 13–90–118, C.R.S. 1973, differs from his contention concerning his right to obtain judicial immunity, we reject it. That statute vests the office of the prosecutor with sole discretionary au-

thority to apply its provisions to any witness. *People v. Lucero,* 196 Colo. 276, 584 P.2d 1208 (1978).

## II.

Defendant also contends that the trial court erred in refusing to admit White's out-of-court statement pursuant to CRE 804(b)(3). We disagree.

CRE 804(b)(3) provides that a statement is not excluded by the prohibition against the admission of hearsay if the declarant is unavailable and the statement:

"was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability ... that a reasonable man in his position would not have made the statement unless he believed it to be true."

The rule further provides that:

"A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless the corroborating circumstances clearly indicate the trustworthiness of the statement."

■ In determining whether sufficient corroborating circumstances exist to permit introduction of a statement against interest into evidence, the trial court must examine, among other circumstances, when and to whom the statement is made and determine whether other independent evidence corroborates the contents of the statement. *People v. Lupton,* 652 P.2d 1080 (Colo.App. 1982).

■ White's statement was made more than five months after the commission of the murder with which defendant was charged. It was uttered in response to questions asked by defendant's own attorney and investigator in an interview at Denver County Jail, and is contradicted by other evidence presented at trial. In light of these facts, we agree with the trial court's conclusion that corroborating circumstances did not clearly indicate the trustworthiness of White's statement.

Hence, the statement was inadmissible, as the trial court determined.

## III.

Relying on *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), defendant next contends that the exclusion of White's statement violated defendant's "constitutional rights to a fair trial and to due process of law." We disagree.

In *Chambers v. Mississippi, supra,* the trial court had refused to allow defense witnesses to testify regarding statements made by a third party who purportedly confessed to the murder with which defendant was charged. Such statements were not admissible under Mississippi's declaration against interest exception to the rule against admission of hearsay evidence. The United States Supreme Court held that the exclusion of such critical evidence denied defendant "a trial in accord with traditional and fundamental standards of due process." It also concluded that the hearsay statements were offered at trial "under circumstances that provided considerable assurance of their reliability." The indicia of trustworthiness articulated in *Chambers* included the facts that the statements were made spontaneously, that other evidence corroborated the statements, that such statements were unquestionably against interest, and that the declarant was available for cross-examination. *See also People v. Fletcher,* 37 Colo.App. 173, 546 P.2d 980 (1975), *rev'd on other grounds,* 193 Colo. 314, 566 P.2d 345 (1977).

■ Applying *Chambers,* the trial court concluded that defendant had failed to establish that White's statement was trustworthy. The statement was made long after the commission of the offense, in circumstances which support the trial court's conclusion that it was not made spontaneously. The record also supports the trial court's conclusion that the alleged corroborating circumstances did not clearly indicate the trustworthiness of the statement. Hence, the trial court's ruling did not violate defendant's constitutional rights.

## IV.

Defendant also contends that because the evidence suppressed by the trial court was not a substantial part of the prosecution's proof, the interlocutory appeal was improperly taken, and, therefore, the speedy trial period should not have been tolled pursuant to § 18–1–405(6)(b), C.R.S.1973 (1978 Repl. Vol. 8) and Crim.P. 48(b)(6)(II). We disagree.

 To file an interlocutory appeal in the Supreme Court from an order granting a motion to suppress evidence, a prosecutor must certify that the "evidence is a substantial part of the proof of the charge pending against the defendant." C.A.R. 4.1(a). If the evidence or statement suppressed is not a "substantial part" of the proof which may be offered against the defendant, the Supreme Court will not address the substantive issues raised by the interlocutory appeal. *People v. Valdez,* 621 P.2d 332 (Colo.1981).

In *People v. Harding, supra,* the Supreme Court reversed a ruling in this case suppressing various items of evidence seized from defendant. In reaching the substantive issues advanced by the prosecution in that appeal, the Supreme Court necessarily concluded that the evidence in question satisfied the substantiality test of C.A.R. 4.1(a). *People v. Valdez, supra.* Furthermore, the trial court also concluded that the items suppressed "were a substantial part of the People's case." We agree that the interlocutory appeal was not improvidently taken.

## V.

We have examined defendant's final arguments challenging the accuracy of a jury instruction, the propriety of the trial court's decision to instruct the jury concerning the theory of complicity, and the failure of the trial court to grant a motion for mistrial. Such contentions have no merit.

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.