[Crim. No. 14515. First Dist., Div. Three. Jan. 23, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD E. HAYS, Defendant and Appellant.

## COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Richard Tullis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTT, J.—On appeal from an order revoking probation, the issue is whether the defendant's probation was revoked without a proper hearing and determination of his mental competence pursuant to sections 1367, 1368, and 1369 of the Penal Code. Defendant contends there was substantial evidence of doubt as to his mental competence and, therefore, the trial court erred in denying his right to a jury trial to determine his mental competence. (*Pate* v. *Robinson* (1966) 383 U.S. 375 [15 L.Ed.2d 815, 86 S.Ct. 836]; *People* v. *Laudermilk* (1967) 67 Cal.2d 272 [61 Cal.Rptr. 644, 431 P.2d 228]; *People* v. *Pennington* (1967) 66 Cal.2d 508 [58 Cal.Rptr. 374, 426 P.2d 942]; *People* v. *Westbrook* (1964) 62 Cal.2d 197 [41 Cal.Rptr. 809, 397 P.2d 545]; *People* v. *Humphrey* (1975) 45 Cal.App.3d 32 [119 Cal.Rptr. 74].)

The record shows that a hearing on a motion to revoke the defendant's probation was set for June 3, 1975. At the commencement of that hearing defendant's counsel told the court that in his opinion the defendant was unable to understand the nature of the proceedings against him and was unable to cooperate with counsel. Defense counsel requested that the

court appoint a psychiatrist to examine the defendant. The court granted counsel's request and appointed Dr. Arthur B. Carfagni, a psychiatrist, to examine the defendant. The court suspended the criminal proceedings, pursuant to section 1368 of the Penal Code, and continued the matter to June 12.

On June 12, the question of defendant's mental competence was, by stipulation of the parties, submitted to the court on the medical report of Dr. Carfagni. The court found the defendant mentally competent within the meaning of sections 1367 and 1368 of the Penal Code. Criminal proceedings were reinstated. Defendant was, in a separate action, arraigned on new criminal charges. The hearing on the motion to revoke probation was continued to June 23, pending preparation of a supplemental probation report.

On June 23, at the commencement of the hearing on revocation of probation, defense counsel again told the court that defendant was not competent to proceed with the hearing, that his mental condition had deteriorated since Dr. Carfagni had examined him, that the supplemental probation report indicated that defendant did not understand the nature of the proceedings against him, and, therefore, counsel asked the court to appoint another doctor to examine the defendant. The court noted that Dr. Carfagni was unavailable to testify on the question of defendant's mental competence, and then appointed Dr. William R. Horstman, a clinical psychologist, to examine the defendant.

On June 27, the parties appeared for a hearing on the medical reports to determine the defendant's mental competence. The district attorney offered to stipulate that the issue be submitted on the report of Dr. Horstman, but defense counsel refused to so stipulate and demanded a jury trial. The court reviewed the record, including the medical reports, and then proceeded to state its findings that there was no evidence, substantial or otherwise, to establish a doubt as to defendant's mental competence. Defense counsel interrupted the court's statement of its findings and requested, in effect, a continuance to call Dr. Horstman so he could be interrogated about his report, specifically certain statements which defense counsel asserted were based on a misunderstanding as to the consequences of probation revocation. The court denied the request for a continuance, pointing out that both doctors had concluded that defendant was mentally competent. The court then proceeded with the hearing on revocation of probation and revoked defendant's probation.

Since the defendant had been sentenced to state prison, the court ordered that the suspension of execution of sentence be lifted.

■ Section 1367 of the Penal Code provides: "A person cannot be tried or adjudged to punishment while he is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder, he is unable to understand the nature of the proceedings taken against him and to assist counsel in the conduct of a defense in a rational manner." This applies where, as here, the defendant is before the court on a motion to revoke probation. (See *People* v. *Humphrey, supra,* 45 Cal.App.3d 32.)

Before section 1368 of the Penal Code was amended in 1974, it required the trial court to suspend the criminal proceedings and order a trial of the issue of defendant's sanity if, at any time during the pendency of the action and prior to judgment, a doubt arose as to the defendant's sanity. If there was substantial evidence of "present mental incompetence," the defendant was entitled to a section 1368 hearing as a matter of right. (*People* v. *Pennington, supra,* 66 Cal.2d 508, 518; *People* v. *Laudermilk, supra,* 67 Cal.2d 272, 283-285; *People* v. *Beivelman* (1968) 70 Cal.2d 60, 71 [73 Cal.Rptr. 521, 447 P.2d 913]; *People* v. *Humphrey, supra,* 45 Cal.App.3d 32, 36-37.)

■ As amended in 1974, subdivision (a) of section 1368 of the Penal Code provides in relevant part: "If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent." Subdivision (b) of section 1368 provides: "If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369." We interpret these provisions to mean that a defendant is entitled to a hearing on the issue of his mental competence if the trial judge has a doubt as to the defendant's mental competence; defendant is not entitled to a court or jury trial of the issue of his mental competence merely upon the statement of defense counsel that he believes the defendant is mentally incompetent. (Cf. *Tarantino* v. *Superior Court* (1975) 48 Cal.App.3d 465, 470 [122 Cal.Rptr. 61].) There still must be substantial evidence of doubt as to defendant's mental competence before he is entitled to a section 1368 hearing.

Although the defendant argues that there was substantial evidence of doubt as to his mental competence, the record does not support that assertion. The reports of Dr. Carfagni and Dr. Horstman show no doubt about defendant's mental competence. Both doctors found the defendant depressed, and Dr. Horstman found defendant suffering from mild psychosis, but neither doctor expressed any doubt as to defendant's capacity to understand the nature of the proceedings against him or to cooperate in his defense. Although defense counsel requested an opportunity to cross-examine Dr. Horstman about his report, defense counsel merely wanted to examine Dr. Horstman about certain statements pertaining to the consequences of probation revocation and not as to matters pertaining directly to defendant's mental competence. In *People* v. *Laudermilk, supra,* 67 Cal.2d 272, 285, the Supreme Court said that under the substantial evidence test of *Pate* and *Pennington* more is required to raise a doubt than mere bizarre actions, or bizarre statements, or statements of defense counsel that defendant is incapable of cooperating in his defense, or psychiatric testimony that defendant is immature, dangerous, psychopathic, or homicidal, or such diagnosis with little reference to defendant's ability to assist in his own defense.

Accordingly, we conclude that the record supports the trial court's finding that there was no substantial evidence of doubt as to defendant's mental competence, and that the court did not err in denying the defendant a jury trial of that issue.

The order revoking probation is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.