Filed 4/2/13  P. v. Negron CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSE LUIS NEGRON,<br><br>        Defendant and Appellant. | D061663<br><br><br>(Super. Ct. No. SCD229481) |

APPEAL from a judgment of the Superior Court of San Diego County, Yvonne Esperanza Campos, Judge.  Reversed in part and remanded with directions.

In October 2010, Jose Luis Negron entered a negotiated guilty plea to selling a controlled substance (Health & Saf. Code, § 11352, subd. (a)).  On March 18, 2011, Negron told the probation officer that in 2002, he had received a diagnosis of manic depression and schizophrenia.  On March 28, 2011, the court placed Negron on three years' probation.  On April 15, Negron went to a restaurant where he yelled obscenities, exposed his penis, spilled the contents of his colostomy bag and struck a restaurant

employee. On April 25, the court summarily revoked probation. At the request of the probation department, a psychological evaluation was scheduled for June 1.

On May 31, 2011, Negron was before the court for a probation revocation and sentencing hearing in the instant case and a hearing in two misdemeanor cases. In the instant case, the court found Negron had violated probation, revoked probation and sentenced him to prison for the four-year middle term. After a series of outbursts from Negron, the court began the hearing in the misdemeanor cases. During that hearing, Negron said he was crazy and was hearing voices. The court stated that an evaluation of Negron's mental competence was necessary, and noted that before his disruptions, he "appeared to be rational [and] responsive." The court suspended criminal proceedings in the misdemeanor cases (Pen. Code, § 1368) and ordered an evaluation of Negron's mental competence. After a short recess, Negron told the court he had lied and he was not hearing voices. The court repeated that an evaluation was required.

At the conclusion of the hearing, the court clerk inquired whether the sentence in the instant case would stand. The court stated that before Negron's "outbursts, he had been compliant, fine and had not exhibited any behavioral quirks or issues and had been responsive." The court concluded "there was no prior basis for questioning or wondering about his competence;" thus, the sentence would stand.

On July 8, 2011, Negron was determined to be mentally incompetent. On July 22, in the misdemeanor cases, the court found he was mentally incompetent and ordered him committed for treatment. On July 28, a staff psychiatrist with the San Diego County

2

Sheriff's Department determined Negron was mentally competent. In August, the court found Negron competent in the misdemeanor cases and reinstated criminal proceedings.

Negron appeals, contending the suspension of criminal proceedings in the misdemeanor cases, during the probation violation and sentencing hearing in the instant case, and the subsequent finding of incompetence in the misdemeanor cases, render invalid the probation violation finding and sentence in the instant case. Respondent properly concedes it "would be hard-pressed to argue that there was substantial evidence of incompetence supporting the trial court's decision to order a competency hearing for purposes of the two misdemeanor cases, but not for purposes of this case, which had been before the court moments earlier."

"A defendant is incompetent to stand trial if he or she lacks a ' "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and . . . a rational as well as a factual understanding of the proceedings against him." ' [Citations.]" (*People v. Rogers* (2006) 39 Cal.4th 826, 846-847.) "Both federal due process and state law require a trial judge to suspend trial proceedings and conduct a competency hearing whenever the court is presented with substantial evidence of incompetence, that is, evidence that raises a reasonable or bona fide doubt concerning the defendant's competence to stand trial." (*Id*. at p. 847.) The record, summarized above, reflects substantial evidence of Negron's incompetence. Thus, the court abused its discretion in declining to order an evaluation of his mental competence. (*People v. Ramos* (2004) 34 Cal.4th 494, 507.) The sentence must be reversed (*People v. Rogers,*

3

*supra,* at p. 847), and the probation violation finding must be reversed as well (*People v. Hays* (1976) 54 Cal.App.3d 755, 759).

DISPOSITION

The order revoking probation and the prison sentence are reversed. The case is remanded to the trial court for further proceedings with respect to the probation violation and, if necessary, sentencing. In all other respects, the judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.

4