Filed 4/16/15  P. v. Lingor CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JULIE ANN LINGOR,<br><br>　　　Defendant and Appellant. | A140996<br><br>(Alameda County<br>Super. Ct. No. C161045) |

In this appeal, Julie Ann Lingor challenges an order revoking her probation.  Her sole contention is that the trial court erred in failing to suspend the probation revocation proceedings so that it could conduct a hearing to determine her competency.  (Pen. Code, § 1368, subds. (a), (c).)[1]  After a careful examination of the record, we conclude the evidence before the trial court did not require it to order a competency hearing.  Accordingly, we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2009, Lingor pushed her elderly mother to the ground and threw water on her.  Lingor pleaded guilty to elder abuse (§ 368, subd. (b)(1)) and was granted probation.  In the succeeding years, her probation was revoked and reinstated following various probation violations.  In May 2013, Lingor assaulted a process server, and the Alameda County District Attorney filed a petition to revoke her probation.

---

[1] All statutory references are to the Penal Code.

1

The trial court heard the petition on September 25, 2013. Lingor testified about the charge at the hearing. After the close of the evidence, her counsel informed the court that he was "beginning to entertain doubt as to [his] client's competency." Counsel stated he wished to have a further conversation with Lingor before the court made a ruling. The trial court explained it was prepared to rule and that "[w]e've had the hearing."

Defense counsel then stated, "I do want the Court to know that I believe my client is incompetent." He told the court he had not been certain of her incompetence at the beginning of the hearing but argued her incompetence "was abundantly clear from her conduct[.]" He did admit, however, that "reasonable minds would differ." As evidence of his client's incompetence, counsel cited Lingor's "nonresponsiveness, her request whether we're in a civil court or criminal court, [and] her repeated questions about the welfare of her mother."

The trial court ruled that to the extent Lingor's counsel had moved to declare a doubt under section 1368 concerning her competence to participate in criminal proceedings, it was "having a real problem at the end of this thinking that I'm supposed to seriously consider that." The court explained that Lingor "has a history of mental health issues, but she understands what's going on as far as the Court can tell." Although she had not been totally cooperative with her counsel, the court found, "She knows what's going on." The court then found Lingor in violation of her probation.

The trial court revoked Lingor's probation on December 12, 2013, and sentenced her to three years' imprisonment. Lingor later filed a notice of appeal.

DISCUSSION

Lingor contends the trial court erred by not suspending the probation revocation hearing when her counsel declared a doubt as to her competency. She argues this violated her statutory and constitutional rights. Furthermore, she asserts that the court's failure to suspend proceedings when presented with what she claims is "substantial evidence of a doubt as to appellant's competency 'divested [the trial court] of jurisdiction

2

to proceed pending express determination of the competency issue.' "  For the reasons that follow, we conclude the trial court did not err.

I.      *Governing Law and Standard of Review*

California law presumes a defendant is competent and places on the defendant the burden of demonstrating otherwise.  (§ 1369, subd. (f).)  A defendant is mentally incompetent if, "as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner."  (§ 1367, subd. (a).)  The trial or conviction of a mentally incompetent defendant violates the due process clause of the Fourteenth Amendment to the United States Constitution and article I, section 15 of the California Constitution.  (*People v. Hayes* (1999) 21 Cal.4th 1211, 1281 (*Hayes*).)  In addition, section 1367, subdivision (a) provides:  "A person cannot . . . have his or her probation . . . revoked while that person is mentally incompetent."  Thus, these statutory and constitutional provisions apply to probation revocation proceedings such as the one before us.  (*People v. Hays* (1976) 54 Cal.App.3d 755, 759.)

"Under both the federal Constitution and state law, the trial court must suspend criminal proceedings and conduct a competency hearing if presented with substantial evidence that the defendant is incompetent.  [Citations.]  Substantial evidence of incompetence exists when a qualified mental health expert who has examined the defendant states under oath, and 'with particularity,' a professional opinion that because of mental illness, the defendant is incapable of understanding the purpose or nature of the criminal proceedings against him, or of cooperating with counsel."  (*People v. Mai* (2013) 57 Cal.4th 986, 1032-1033 (*Mai*).)

"[D]efense counsel's expressed belief that defendant might be mentally incompetent does not automatically trigger a section 1369 competency trial."  (*People v. Sattiewhite* (2014) 59 Cal.4th 446, 465 (*Sattiewhite*).)  While counsel's assertion of a belief in his client's incompetence is given "some weight," it is insufficient on its own to require the court to hold a competency hearing.  (*Mai, supra,* 57 Cal.4th at p. 1033 ["counsel's assertion that his or her client is or may be incompetent does not, in the

3

absence of substantial evidence to that effect, require the court to hold a competency hearing"].)  To trigger the court's obligation to hold a competency hearing, "defense counsel *must present expert opinion from a qualified and informed mental health expert, stating under oath and with particularity that the defendant is incompetent, or counsel must make some other substantial showing of incompetence that supplements and supports counsel's own opinion.*  Only then does the trial court have a nondiscretionary obligation to suspend proceedings and hold a competency trial." (*Sattiewhite, supra,* at p. 465, italics added.)  Although a defendant's demeanor and irrational behavior may constitute substantial evidence of incompetence, "disruptive conduct and courtroom outbursts by the defendant do not necessarily demonstrate a present inability to understand the proceedings or assist in the defense." (*Mai, supra,* at p. 1033.)

"[A]bsent a showing of 'incompetence' that is 'substantial' as a matter of law, the trial judge's decision not to order a competency hearing is entitled to great deference, because the trial court is in the best position to observe the defendant during trial. [Citation.]  ' "An appellate court is in no position to appraise a defendant's conduct in the trial court as indicating insanity, a calculated attempt to feign insanity and delay the proceedings, or sheer temper." [Citations.]' [Citation.]" (*Mai, supra,* 57 Cal.4th at p. 1033.)  Consequently, we may not overturn the trial court's refusal to hold a competency hearing unless we conclude either that the record raises a reasonable doubt as to the defendant's mental competence as a matter of law or that the trial court has abused its discretion.  (*People v. Welch* (1999) 20 Cal.4th 701, 740 (*Welch*).)

II.     *The Evidence Before the Trial Court Did Not Require it to Hold a Competency Hearing.*

Lingor contends there was substantial evidence of her incompetence before the trial court, and thus its failure to suspend the probation revocation proceedings to determine her competence was error.  She points to a probation report stating she suffered from schizophrenia and to an assessment by the Office of Collaborative Court Services opining she was "significantly impacted by her mental health challenges . . . ."  In addition, she refers to her behavior at the September 25, 2013 probation revocation

4

hearing. During that hearing, she asked whether her mother had died while she was in custody, testified despite her counsel's recommendation that she not do so, and inquired whether she was in civil court. Lingor also notes she appeared confused, had difficulty with her recollection, and gave incoherent responses.

Initially, we note that defense counsel did no more than state his belief that his client was incompetent. Counsel made no claim he would be able to offer any proof of Lingor's incompetence. (See *People v. Jones* (1991) 53 Cal.3d 1115, 1154 [in absence of specific offer of proof, court could not assume proffered testimony of psychiatrist would establish incompetence].) He did not even specifically ask for a hearing on the issue, but rather said only that he wanted more time to speak to his client about the matter.[2] Since counsel presented no actual evidence of Lingor's incompetence, the trial court was under no duty to hold a hearing. (See *Sattiewhite, supra,* 59 Cal.4th at p. 465 [where counsel only requested hearing on competency but presented no evidence of incompetence, trial court did not err in denying motion to suspend proceedings].)

Since counsel presented no particularized proof on the competency issue, Lingor must rely on the existing record. After examining that record, we cannot conclude it is sufficient to show Lingor's incompetence as a matter of law. (*Welch, supra,* 20 Cal.4th at p. 740.) Looking first at the references to her schizophrenia in the probation report, we find that one of them is a quotation from a letter written by the district attorney. Another simply reports Lingor's own statement that she had been diagnosed with schizophrenia. And the third appears to be the probation officer's evaluation. Obviously, neither the district attorney's hearsay statement nor the defendant's own statements to the probation officer are sufficient to establish substantial evidence of incompetence. (See *People v. Marshall* (1997) 15 Cal.4th 1, 32-33.) Nothing in the probation report qualifies as the

---

[2] The trial court alluded to counsel's failure to make a formal request for a hearing. In finding Lingor in violation of probation, the court stated, "[I] [h]aven't heard any other motions, so I'm not ruling on any other motions."

kind of expert opinion that constitutes substantial evidence of incompetence.[3] (*Mai, supra,* 57 Cal.4th at pp. 1032-1033 ["Substantial evidence of incompetence exists when a qualified mental health expert who has examined the defendant states under oath, and 'with particularity,' a professional opinion that because of mental illness, the defendant is incapable of understanding the purpose or nature of the criminal proceedings against him, or of cooperating with counsel."].) Indeed, the report makes no mention of competency at all.

Lingor's questions about whether the proceeding was civil in nature likewise did not raise reasonable doubts about her competency. The question did not unequivocally show she was unable to understand the charges against her. (See *People v. Koontz* (2002) 27 Cal.4th 1041, 1070 [self-represented defendant's expression of perplexity at courtroom procedure reflected lack of legal knowledge, not incompetency].) At the hearing, Lingor was able to recall earlier proceedings in the case and told the court she was "still on a court probation." She testified on her own behalf and denied assaulting the process server. Nothing in her courtroom behavior suggested she was incompetent. " '[T]o be entitled to a competency hearing, "a defendant must exhibit more than bizarre . . . behavior, strange words, or a preexisting psychiatric condition that has little bearing on the question of whether the defendant can assist [her] defense counsel. [Citations.]" [Citations.]' " (*Sattiewhite, supra,* 59 Cal.4th at pp. 464-465; see *Mai, supra,* 57 Cal.4th at p. 1033 ["disruptive conduct and courtroom outbursts by the defendant do not necessarily demonstrate a present inability to understand the proceedings or assist in the defense"].) Nothing of the kind occurred here.

Nor did Lingor's questions about her mother's suggest she was incompetent. Her mother was quite elderly at the time of the hearing, and appellant might simply have been concerned about her welfare. If anything, given that Lingor was initially placed on

---

[3] The fact that Lingor may have been suffering from schizophrenia was not enough, in and of itself, to establish her incompetence as a matter of law. (See *People v. Blacksher* (2011) 52 Cal.4th 769, 798 [psychiatrist's belief that defendant suffered from paranoid schizophrenia did not establish incompetence as a matter of law].)

probation after admitting to committing elder abuse against her mother, her questions might be read as reflecting her understanding that the elder abuse charge was the genesis of the criminal proceedings.

Finally, although Lingor may have had some difficulty answering the questions put to her, that did not necessarily reflect incompetence. Her own counsel conceded that reasonable minds might differ about whether her conduct showed she was incompetent. If reasonable minds could differ about the issue, it is difficult for us to conceive how the trial court's decision could be termed an abuse of discretion.

Since the record does not contain a showing of incompetence that is substantial as a matter of law, the trial court's decision is entitled to great deference. (*Mai, supra,* 57 Cal.4th at p. 1033.) As an appellate court, we are in no position to second guess the trial court's evaluation of Lingor's competence, and the evidence of incompetence to which Lingor directs us falls far short of that which the California Supreme Court has held sufficient to qualify as substantial. (Cf. *People v. Lewis* (2008) 43 Cal.4th 415, 525 [no substantial evidence of incompetence even though defense counsel declared doubt about defendant's competence, psychologist submitted letter stating defendant's brain functioning was abnormal, and defendant exhibited irrational and counterproductive behavior at trial].) Because we cannot conclude either that the record raises a reasonable doubt as to the defendant's mental competence as a matter of law or that the trial court has abused its discretion, we must affirm. (*Welch, supra,* 20 Cal.4th at p. 740.)

DISPOSITION

The judgment is affirmed.

7

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.